Young v. The City of Webb City, Appellant.

Division Two, June 6, 1899.

1. **Negligence**: HOLE IN SIDEWALK: CONFLICT IN EVIDENCE. Where the evidence is conflicting with respect to the existence of a hole in the sidewalk into which plaintiff claimed she stepped and was thereby injured, and also conflicting as to the length of time it had been there, if at all, some witnesses stating it had been there six weeks and others that it was not there till after the injury, there arises a question for the jury; and the court can not assume the fact to be that no hole was there until a horse stepped on the walk the day before the accident, nor can it base an instruction on such assumption to the effect that, as the city had no notice, it can not be presumed to have had knowledge of its existence by the exercise of proper care.

2. ————: ————: ————: DEMURRER. A demurrer to the evidence in such case admits every material fact proven, and which may be inferred from the testimony, to be true, and should never be sustained unless the evidence when thus considered fails to make proof of some essential fact.

3. ————: ————: CITY'S DUTY: NOTICE. It is a city's duty to exercise ordinary care to keep its streets in a reasonably safe condition for the use of persons walking thereon, and if it is negligent in so doing and by reason of such negligence a pedestrian receives personal injuries, it should be held to respond in damages therefor. But it must have actual notice of the defect before the accident, or it must have existed a sufficient length of time to justify the presumption that it did have notice in time to have repaired the defect prior to the accident.

4. ————: ————: ————: ————: LENGTH OF TIME. There is no fixed or definite rule as to what length of time will justify a presumption of notice; each case must depend on the facts and circumstances accompanying it. In this case in which the evidence showed the existence of a patent defect in the sidewalk for six weeks before the accident, it is held that the jury were warranted in finding that the city had notice of it.

5. ————: PERSONAL INJURIES: DAMAGES: ASSUMPTION IN INSTRUCTION. An instruction that told the jury that, in estimating plaintiff's damages they should take into consideration the physical injury inflicted, does not assume that physical injuries were inflicted, as the damages were predicated upon such injuries as were the necessary consequences of the accident.

Young v. Webb City.

*Appeal from Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

FRANK L. FORLOW for appellant.

(1)   The demurrer offered by appellant at the close of respondent's evidence, should have been given, as witness Reed, the only witness who was interrogated on the subject, testified that the walk, where the accident happened, was a good walk until it was broken by a horse, and that it was broken on the 11th day of November, 1894, and that was only one day before the accident. This was not sufficient time to charge the appellant with notice, and there was no testimony to show that the city had notice of any defect in the walk, and respondent's testimony showed that before the walk was broken by the horse the walk was in good condition. Schweikhardt v. St. Louis, 2 Mo. App. 571; Basset v. St. Joseph, 53 Mo. 290; Bonine v. Richmond, 75 Mo. 437; Carrington v. St. Louis, 89 Mo. 208; Yocum v. Trenton, 20 Mo. App. 489; Franke v. St. Louis, 110 Mo. 516; Smith v. St. Joseph, 42 Mo. App. 392; Barr v. Kansas City, 105 Mo. 550; Fritz v. City of Kansas, 84 Mo. 632.   (2)   Respondent's instruction number two, on the measure of damages, is clearly erroneous, in assuming physical injuries were inflicted when that was a contested question and should have been submitted to the jury, under proper instructions, and the jury permitted to pass upon that question, as well as the question of the amount of damages. It being a contested question, whether she received the physical injury, on the sidewalk as alleged in her petition, it should not have been put to the jury in a manner to indicate that it was conceded, as was done by instruction number two.   Plumber v. City of Milan, 70 Mo. App. 598; Hawes v. The K. C. Stock Yards Co., 103

Mo. 60; Moffett v. Conkling, 35 Mo. 453; Sawyer v. Railroad, 37 Mo. 240; Wilburn v. Railroad, 36 Mo. App. 215; Railroad v. Sykes, 96 Ill. 162; 2 Thompson on Trials (1 Ed.), sec. 2295; Fullerton v. Fordyce, 144 Mo. 519. (3) The verdict of $5,000, is so excessive as to indicate that it is the result of passion, prejudice or some improper motive on the part of the jury, and under the rulings of the Supreme Court should, for that reason, be reversed. Gurly v. Railroad, 104 Mo. 211; Furnish v. Railroad, 102 Mo. 438; Burdich v. Railroad, 123 Mo. 240; Railroad v. Hull, 78 Tex. 657. (4) The court erred in giving the instruction number one, at the request of respondent, for it is not based on the evidence offered in the cause, in this, that there is no testimony that the sidewalk was in a dangerous condition for travel and that the city permitted it to remain in such condition after it knew or could have ascertained the condition thereof. There was no evidence to support this part of the instruction and although it declares the law, yet if there was no evidence in this case on that proposition, the instruction should not have been given. Gorham v. Railroad, 113 Mo. 408; Harrison v. White, 56 Mo. App. 175; Moore v. Hawk, 57 Mo. App. 495; Benjamin v. Railroad, 50 Mo. App. 602; Harding v. Wright, 119 Mo. 1; Mater v. Railroad, 105 Mo. 320; Evans v. Rapid Transit Co., 106 Mo. 594.

L. L. Scott, W. M. Bowker and G. S. Hoss for respondent.

(1) Where the evidence is conflicting, the Supreme Court will not undertake to weigh it in order to determine upon which side the weight preponderates. This is the province of the jury, the triers of the facts. Seckinger v. Mfg. Co., 129 Mo. 603; State ex rel. v. Hope, 121 Mo. 41; Baum v. Fryrear, 85 Mo. 151; O'Connell v. Railroad, 106 Mo. 482; Franke v. St. Louis, 110 Mo. 516. (2) Where there is any

evidence at all to sustain the issue, a demurrer to the evidence should not be sustained.   Bender v. Railroad, 137 Mo. 240; Guthridge v. Railroad, 105 Mo. 520; Baum v. Fryrear, 85 Mo. 151.   (3)   Notice on the part of a city of a defect in a street may be inferred from long continuance thereof. Maus v. Springfield, 101 Mo. 613; Carrington v. St. Louis, 89 Mo. 208; Jordan v. Hannibal, 87 Mo. 673; Bonine v. Richmond, 75 Mo. 437.   (4)   Instruction number 2, on the measure of damages, given for respondent and complained of by appellant, has been expressly approved by the Supreme Court.   Chilton v. St. Joseph, 143 Mo. 199; Fullerton v. Fordyce, 144 Mo. 532; Taylor v. Iron Co., 133 Mo. 363; Schmitz v. Railroad, 119 Mo. 269; Burdoin v. Trenton, 116 Mo. 360; Haniford v. City of Kansas, 103 Mo. 174; Maxwell v. Railroad, 85 Mo. 101; Russell v. Columbia, 74 Mo. 488. (5)   The verdict of $5,000 is not excessive.   Barr v. Kansas City, 121 Mo. 22; Hollenbeck v. Railroad, 141 Mo. 97; Burdict v. Railroad, 123 Mo. 221; O'Connell v. Railroad, 106 Mo. 482; Griffith v. Railroad, 98 Mo. 168; Moore v. Railroad, 85 Mo. 588; Fullerton v. Fordyce, 144 Mo. 519; Hanlon v. Railroad, 104 Mo. 381; Whalen v. Railroad, 60 Mo. 323.

BURGESS, J.----This is an action for damages for personal injuries alleged to have been sustained by plaintiff by a fall occasioned by the defective condition of one of defendant's sidewalks upon which she was walking at the time.

The suit was instituted in the circuit court of Jasper county, but the venue was subsequently changed to the circuit court of Vernon county, where upon a trial to the court and jury, plaintiff recovered a verdict and judgment for five thousand dollars.

After unsuccessful motion for a new trial and in arrest defendant appeals.

The plaintiff is a married woman and was at the time of the trial in December, 1896, thirty-four years of age, and the mother of six living children, and one dead. At the time of the accident she lived in Vernon county, but was visiting relatives who lived near defendant city. Prior to the accident she had always been a stout, healthy woman.

On the evening of November 12, 1894, she in company with her sister went to Webb City to do some shopping, and while they were walking west on Main street, one of the principal thoroughfares of said city, after dark, plaintiff's foot slipped in a hole in the sidewalk which was constructed of wood, causing her to fall heavily upon the walk, producing an impacted fracture of the right thigh bone, that is, a fracture of the neck of the thigh bone, by reason of which she was confined to her bed for over six months; suffered great pain always thereafter, the leg being shortened and the injury permanent.

The evidence tended to show that the hole in the sidewalk into which plaintiff stepped had been there for about six weeks prior to the accident.

At the close of plaintiff's evidence defendant interposed a demurrer thereto which was denied and it duly excepted.

At the close of all the evidence the court at the instance of plaintiff, over the objection of defendant, instructed the jury as follows:

"1st. The court instructs the jury that it is by law made the duty of defendant to keep its sidewalks upon its streets in a reasonably safe condition for the use of pedestrians using the same for travel; and if you shall believe from the evidence that the defendant city permitted its sidewalk on the street and at the place on said street mentioned in plaintiff's petition to become out of repair and in a dangerous condition for travel, and to so remain in a dangerous condition and out of repair after it knew, or by the exercise

of reasonable care and caution could have ascertained the defective and dangerous condition of said sidewalk, and the plaintiff while passing along said sidewalk, at the place mentioned in plaintiff's petition, was on account of said defective and dangerous condition of said sidewalk, without fault or negligence on her part, injured thereby, your verdict should be for the plaintiff.

"2nd. The court instructs the jury that if from the evidence, they find for the plaintiff, then in estimating her damages they will take into consideration the physical injury inflicted, whether temporary or permanent, and the bodily pain and mental anguish endured, if any, by plaintiff, and in assessing her damages, you shall assess them at such sum as you shall believe from the evidence will reasonably compensate her for said injury received, together with the suffering caused by reason of said injury, and in a sum not to exceed twenty thousand dollars as asked for in plaintiff's petition."

And to the decision of the court in giving said instructions and each of them, defendant then and there at the time excepted.

The following instructions were given at the request of defendant:

"3.   The court instructs the jury that before the duty is placed upon the defendant to keep the sidewalk in a reasonably safe condition, it devolves upon the plaintiff to show that said sidewalk was a part of a street that had been dedicated to the public by the owner of the land over which it passes and said dedication accepted by the city, but such acceptance need not be shown by any formal order of record, but may be shown by such other acts as may show that the defendant recognized and treated the same as one of its streets, or the plaintiff must show that said street has been used by the public for the space of ten years, continuously, under a claim of right that it was a public highway, and

unless the plaintiff has so shown your verdict will be for the defendant.

"4. The court instructs the jury that if the defect in the sidewalk was obvious, and plaintiff by the exercise of reasonable care would have observed the same, and they further believe that there was sufficient width of said sidewalk for plaintiff and her sister to walk on and avoid said defect, then plaintiff can not recover.

"5. The court instructs the jury that if they believe from the evidence that the amount sued for by plaintiff is excessive and exhorbitant then they may take that fact into consideration as to the weight to be given her testimony.

"6. The court instructs the jury that the ground of plaintiff's suit against this defendant is negligence, and that negligence can not be presumed but must be established by the plaintiff to your satisfaction by proof. Therefore, although you may find that the plaintiff was injured by falling on the defendant's sidewalk, yet that fact alone does not entitle plaintiff to recover in this action, but she must show further to your satisfaction by the preponderance, that is the greater weight of the evidence, that she sustained the injuries complained of as the direct consequence of negligence of the defendant in allowing its sidewalk to be in an unsafe or dangerous condition for persons passing over the same, using ordinary care and prudence after she had actual or implied notice of such unsafe condition, and unless the plaintiff has so shown by the evidence your verdict must be for the defendant.

"7. The court instructs the jury that before they can find for the plaintiff they must not only believe from the evidence that the sidewalk at the place where plaintiff fell was out of repair, and the defendant had actual or implied notice thereof, but they must further find that by reason thereof it was not reasonably safe for persons using the same with ordinary care and prudence.

"8.   The court instructs the jury that the defendant is not an insurer against accidents upon its streets or sidewalks, nor is every defect therein a ground of liability though it may cause an injury; but the city performs its whole duty if the streets and sidewalks are kept reasonably safe for persons passing over them using ordinary care and prudence, and if you believe the sidewalk at the place where plaintiff received her injuries was in such a reasonably safe condition then the plaintiff can not recover in this action and your verdict will be for the defendant.

"9.   The court instructs the jury that the burden of proof is on the plaintiff, and before she can prevail in this action she must satisfy the jury by the preponderance, that is the greater weight of evidence, that the sidewalk at the place of the injury was out of repair to such an extent as to render it unsafe or dangerous to persons passing over the same, using ordinary care and prudence, and that defendant had actual or implied notice thereof, and by reason of said sidewalk being so out of repair plaintiff was thrown to the ground and received the injuries complained of, and unless all the testimony so satisfies you, your verdict must be for the defendant."

It is claimed by the defendant that the demurrer which was offered by it at the close of plaintiff's evidence should have been sustained upon the ground, as contended, that the walk where the accident happened was in good condition until it was broken by a horse, on the eleventh day of November, 1894, which was only one day before the accident occurred, and that as the city did not have actual notice of the defect, the length of time that the street was out of repair before the accident was not sufficient to justify the assumption that it had notice of the defect in time to have repaired the walk before the injury.

There is no pretense that the city had actual notice of the defective condition of the sidewalk before the accident,

and the only evidence which tended to show that the defect existed for a sufficient length of time to justify the assumption that it did know of it, or that it might by the exercise of ordinary diligence have known of it before the accident, was that of a witness for plaintiff by the name of Reed, who testified that he had lived in Webb City for sixteen years, was acquainted with Main street where the accident occurred, and that the hole in which plaintiff stepped was about four inches wide, and eighteen inches long and six inches deep, and that he saw it there about the last of September or the first of October, 1894. He stated on cross-examination that he did not know exactly when the hole was broken but knew it was there before the eleventh of November. A witness for the defendant by the name of Hilburn testified, that the hole was made after the injury, but he was contradicted by W. W. Hill, another witness for plaintiff, who testified that Hilburn told him that the hole was made before the injury.

The evidence being conflicting with respect to the existence of the hole in the sidewalk at the time of the accident, as well also, as to the length of time that it existed prior thereto, if at all, the weight of it was for the consideration of the jury. [Franke v. St. Louis, 110 Mo. 516; O'Connell v. Street Ry., 106 Mo. 482; Seckinger v. Manufacturing Co., 129 Mo. 590.]

A demurrer of this character admits every material fact proven, and which may be inferred from the testimony, to be true, and should never be sustained unless the evidence when thus considered fails to make proof of some essential fact. [Bender v. Railroad, 137 Mo. 240; Rine v. Railroad, 100 Mo. 228; Noeninger v. Vogt, 88 Mo. 589, and cases cited; Myers v. Kansas City, 108 Mo. 480; Baum v. Fryrear, 85 Mo. 151.] The evidence not only showed the existence of the hole in the sidewalk at the time of the accident, but it showed that it had existed for about six weeks before that time. It was defendant's duty to exercise ordinary care to

keep its streets in a reasonably safe condition for the use of persons walking thereon, and if it was negligent in so doing, and by reason thereof, plaintiff sustained personal injuries, it should be held to respond in damages therefor. It, however, must have had actual notice of the defect before the accident, or it must have existed a sufficient length of time prior thereto to justify the presumption that it did have notice of the defect in time to have repaired it before the accident. As to what length of time would furnish notice to the municipal authorities of such a defect, there is no fixed or definite rule, and each case must depend upon the facts and circumstances attending it. Thus, if the defect existed on a street much traveled and in use, it seems that the duty of the city to the public in looking after its condition required greater diligence in seeing that it was reasonably safe for travel, than if it had been but little used.

In Maus v. The City of Springfield, 101 Mo. 613, it was held that a defect in a street which had existed for three months was sufficient to fairly justify the inference that defendant had timely notice of the existence of the defect.

In City of Griffen v. Johnson, 84 Georgia 279, evidence that a hole in a bridge on one of the principal streets of a city was permitted to remain from five to twenty days was held to be sufficient to charge the city with notice of its existence.

In Tice v. Bay City, 78 Mich. 209, it was held that a defect in a sidewalk which had existed for three months would justify the presumption that the city had notice of it.

So in Philadelphia v. Smith, 16 Atl. Rep. 493, it was held that when a defect in a sidewalk which was patent, as in the case at bar, had existed for five or six weeks, the jury were warranted in finding that the city had notice of it.

The evidence was, we think, sufficient to justify the inference that the defendant city had timely notice of the defect, and to justify the jury in so finding.

Defendant complains of plaintiff's second instruction in regard to the measure of damages, in that it assumes that physical injuries were inflicted, when that was a contested question.　This contention finds no support in the instruction.　It does not assume anything.　It simply tells the jury that if from the evidence they find for plaintiff, in estimating her damages they will take into consideration the physical injury inflicted.　They could not in the first place have found for plaintiff unless they believed from the evidence that she had sustained physical injury, and it was certainly not error to direct them to take such injuries into consideration in passing upon the case, for it was by them that the damages were to be measured.　In passing upon a similar instruction in Chilton v. St. Joseph, 143 Mo. 192, BRACE, J., in speaking for the court, said:　"It is only necessary to say that the damages were predicated only upon such injuries as were the necessary concomitants and consequence of her misfortune, superinduced by defendant's negligence and contains no unwarranted assumption, and in view of the extent of those injuries is not excessive."　This language is peculiarly appropriate to the instruction criticised by defendant, as well also, as to the amount of the verdict.

Finding no reversible error in the record we affirm the judgment.　GANTT, P. J., and SHERWOOD, J., concur.