ANNE GIBBONS, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Municipal Court of the City of New York, Borough of Queens, October 9, 1951.

*Denis M. Hurley, Corporation Counsel (Alfred A. Duffy* of counsel), for defendant.

*Daniel Weiss* for plaintiff.

FITZPATRICK, J. Under the authority of *Osterhout* v. *Town of Bethlehem* (55 App. Div. 198) the court will hold as a matter of law that knowledge in this case will mean the existence of the defect for a substantial period of time during which in the exercise of due care the city could have obtained the necessary knowledge. The only question remaining is whether they can infer such a sufficient period of time from the photographs that were admitted in evidence, the supporting testimony of the plaintiff under which the picture was introduced giving no hint or proof of any particular period of time.

Richardson on Evidence (§ 672) says: " Properly authenticated photographs are admissible in evidence whenever it is competent to describe the physical characteristics of a person, place or thing. *Cowley* v. *People,* 83 N. Y. 464  *  *  *; *People* v. *Webster,* 139 N. Y. 73 ".

The learned counsel for the plaintiff insists that since the photograph is in evidence, it is in evidence for all purposes and that the jury in the exercise of their province should be permitted from the photograph in evidence to deduce from the appearance of the hole as depicted by the photograph whether or not the condition existed for a sufficient length of time for the city to have had notice of the defect and to have remedied the same. The court will have to rule against the contention of the plaintiff in this regard. American Jurisprudence (Vol. 20, Evidence, p. 608) states as follows: " A photograph cannot be relied upon as proof in itself of the dimensions of the depicted object or objects, and cannot be made properly available to establish the relative proportions of such object or objects except by evidence of personal knowledge or scientific experience to demonstrate accurately the facts sought to be established." And they cite *Knihal* v. *State of Nebraska* (150 Neb. 771). There is also cited the case of *United States Shipping Bd.* v. *The Ship St. Albans* ([1931] A. C. 632, 77 A. L. R. 938) an English case before the

Judicial Committee of the (British) Privy Council on an appeal from the New South Wales, Australia, Supreme Court, to which an appeal had been taken from a lower court sitting in Admiralty, to the same effect, in which the learned court stated through Lord MERRIVALE (p. 642) : " Clearly a photographic picture cannot be relied upon as proof in itself of the dimensions of depicted object or objects, and cannot be made properly available to establish the relative proportions of such objects ".

This court feels that if such a rule applies to linear dimensions as shown in the photograph, it is more certainly applicable to abstract dimensions such as time, and consequently the contention of the plaintiff's counsel in that regard is overruled. The court therefore finds that the plaintiff has failed to make out a prima facie case on the question of notice, and the complaint is consequently dismissed on the motion of the counsel for the city.

In view of this decision the court declines to pass upon the other motions.

Motion to dismiss the complaint granted.