J. Irwin Shapiro, J.
The trial of this action having resulted in a disagreement, defendant City of New York, pursuant to section 457-a of the Civil Practice Act, renewed the motion for a directed verdict in its favor which it had made at the conclusion of the testimony.
The evidence discloses that plaintiff Louise Valle caught her foot in a hole on the public sidewalk on Jamaica Avenue, between 149th and 150th Streets, in Queens, on February 4, 1955. Plaintiff described the hole and its dimensions and introduced a photograph purporting to show the defective condition of the sidewalk at the time she sustained her injuries but no proof was offered as to the length of time the condition existed prior thereto nor was there any evidence of actual notice of the defect to the city.
Plaintiff urges that her testimony, together with the photograph, constituted sufficient evidence upon which the jury could properly predicate a finding that the condition was not of recent, sudden or abrupt origin but was caused by deterioration of such a nature that it must have continued over a sufficiently long period of time so as to charge the city with constructive notice.
*986 The question therefore is whether the photograph in and of itself can be sufficient as a matter of law to establish constructive notice.
There is a singular dearth of authority on this subject. I have carefully researched the question and have been unable to find any authoritative texts that deal with it. Similarly, there appear to be no out-of-State decisions on the subject. In New York, there are three cases, one (Marcus v. Manhattan Beach Parks Corp., 246 App. Div. 331 [1st Dept.]) relied on by the plaintiff, and two Municipal Court cases (Gibbons v. City of New York, 200 Misc. 699, and Rotker v. City of New York, 124 N. Y. S. 2d 231, affd. N. Y. L. J., Jan 21, 1955, p. 6, col. 4 [App. Term, 1st Dept.]) relied upon by the defendant.
I have examined the record on appeal in the Marcus case (supra). It discloses that plaintiff and her witness testified that the wooden step from which plaintiff fell was ‘1 very badly worn ”; “ dilapidated and weather-beaten ”, and that a piece of the edge of the step, about four inches long and an inch in width, which was missing “ was all worn out.” Plaintiff claimed she fell by reason of the absence of the piece of wood thus described.
By a closely divided court the Appellate Division reversed a nonsuit which had been directed at Trial Term, and said (p. 332): “ From the plaintiff’s proof and the photographs in evidence, the jury could have found that the defect which caused the plaintiff’s fall was the result of gradual wear or deterioration and that consequently the defendant was charged with constructive notice of the condition.” (Emphasis added.)
The decision in that case is not an authority for the plaintiff. It must be read and interpreted in light of the proof in the record. There the oral proof describing the condition as “ very badly worn”, and as “dilapidated and weather-beaten” indicated a defective condition of long duration. Hence, the photograph was not the prop relied upon by the plaintiff to establish constructive notice. The essential elements which are found in the record in the Marcus case are here lacking. Here, the photograph, which is the only bit of evidence that plaintiff relies on to show constructive notice to the City of New York, is insufficient to permit a jury to legally infer how long the condition shown therein antedated its taking.
The contention that the jury should be permitted to infer from the photograph alone, unsupported by other proof, that the hole in the sidewalk was the result of a gradual deterioration over a period of time, rather than a recent break, is unrealistic. The city is under no duty to repair every minor defect in the public *987 sidewalks but only to maintain them in a reasonably safe condition. Assuming a minor defect in the sidewalk after being subjected to marked thermal stresses gradually becomes more serious, a jury in the absence of competent proof, could do no more than speculate as to when the condition first became an unreasonable hazard. The record here shows that for several days prior to the accident the temperature was considerably below freezing and that on the day prior to the accident the temperature had gone down as low as zero. Under such circumstances the crack-up of the cement in the sidewalk may well have been caused by the temperature. In any event, upon the record in this case one could only guess as to when or how the break in the sidewalk occurred. A guess is not a substitute for proof.
Plaintiff urges that11 victims of accidents such as this should not be under dire pressure to locate and sponsor an eye-witness of dubious reliability in order to comply with an unrealistic or harsh doctrine of notice.” If the requirement of proof of notice be unrealistic or harsh the plea for relaxation or abolition of the requirement must be addressed to a higher court than this. Under the presently existing law, the city is not the insurer of the safety of pedestrians on the sidewalks and in the absence of proof of notice, actual or constructive, of an unreasonable hazard, the city has violated no duty owed to plaintiff. (Farrell v. City of New York, 113 App. Div. 687; Orser v. City of New York, 193 N. Y. 537.)
I do not hold, as did the court in Gibbons {supra) that a photograph can never be relied upon to establish ‘ ‘ abstract dimensions such as time”, for one can readily conceive of situations where to deny the jury the right to draw an inference from a photograph that a sufficient length of time had elapsed to warrant charging a defendant with constructive notice, would be contrary to all logic. Suppose the question were the length of time a pipe had been in a certain condition and the photograph showed rust spots on the pipe in such a manner and of such a character that they could not have come into existence except over a long period of time. In such a case, I would not hesitate to permit a jury to decide the issue of constructive notice as one of fact based upon the appearance of the object itself, to wit, the pipe, as depicted in the photograph, assuming of course, that the proper foundation were otherwise laid for its admission into evidence.
It seems to me that the question cannot be answered categorically and that Avhether a photograph in and of itself can, as a matter of law, shoA\r a condition from which a jury should be *988 permitted to deduce constructive notice depends entirely on the condition or instrumentality sought to be depicted.
In this case I am constrained to conclude as a matter of law that to permit the jury to decide whether the condition shown in the photograph existed for a sufficient length of time to warrant charging the defendant with constructive notice thereof, would be to permit it to decide an issue without proof and upon the basis of sheer speculation. Accordingly, defendant’s motions are granted and a verdict is directed for the defendant with an exception to the plaintiff. Thirty days’ stay and 60 days to make a case. Submit order.