**Mamie McDERMOT and John F. McDermot, Plaintiffs-Appellants,**

v.

**CITY OF NEW YORK, Defendant-Appellee.**

**No. 152, Docket 26372.**

United States Court of Appeals Second Circuit.

Argued Jan. 9, 1961.

Decided Feb. 17, 1961.

John Selawsky, New York City (Marcus & Levy, New York City, on the brief), for plaintiffs-appellants.

John A. Murray, New York City (Charles H. Tenney, Corp. Counsel, and Seymour B. Quel, New York City, on the brief), for defendant-appellee.

Before CLARK, MOORE, and FRIENDLY, Circuit Judges.

PER CURIAM.

Plaintiffs, Mamie McDermot and John F. McDermot, her husband, appeal from a judgment for defendant City of New York in an action for personal injuries sustained by her from a fall on the defendant's streets. On January 14, 1957, as she was crossing Ninth Avenue at 57th Street in New York City, she fell in a one- or one-and-a-half-inch rut in a somewhat depressed area of a generally uneven, cobblestone street. The court below held that there was a question of fact as to whether or not the condition of the street where she fell was dangerous, but directed a verdict for the City on the ground that plaintiffs had failed to produce evidence that it had notice of the dangerous condition.

■■ A municipality is not liable for a dangerous condition of its streets not arising from its own activities unless it had actual or constructive notice of the danger. See Ehret v. Village of Scarsdale, 269 N.Y. 198, 199 N.E. 56, 102 A.

L.R. 211. Plaintiffs concede they have no evidence of actual notice. They argue, however, that photographs in evidence reveal the depression to have been caused by a gradual shifting of the stones as the asphalt filler between the individual stones wore away, and hence the jury could have found the defect in existence a sufficiently long time for the City to have constructive notice of its existence. True, in certain circumstances, a photograph may be thus revealing. See Valle v. City of New York, 22 Misc.2d 985, 198 N.Y.S.2d 731, disapproving Gibbons v. City of New York, 200 Misc. 699, 110 N.Y.S.2d 731. But the photographs in the present case show only a slight depression and a generally uneven alignment of the cobblestones in the street. Without more, they do not furnish a basis for inferring the cause of the depression, or how long it may have been in existence. Thus they are insufficient to show that the City had constructive notice of a dangerous condition. See Rotker v. City of New York, Mun.Ct., 124 N.Y.S.2d 231, affirmed N.Y.L.J. Jan. 21, 1955 (App.Term, 1st Dept.).

Constructive notice is also claimed because two excavation projects were then being conducted at the street intersection under permits granted by the City, one in fact only five to thirteen feet away. Plaintiffs assert that the City, "having granted the permit for the opening of the street, it had a continuing and nondelegable duty to check the permittee's work in the interests of public safety." Sobel v. City of New York, 14 Misc.2d 25, 178 N.Y.S.2d 821, 827, modified on another issue 9 A.D.2d 271, 192 N.Y.S.2d 598. But there is no evidence that the defect was caused by the permittees' work, or that it existed long enough prior to the accident so that the City should have discovered it in the course of checking the permittees' work. In the Sobel case the defect was a six- or seven-inch raised block that had been in existence at least a month.

Affirmed.