**Marie HARDING, Appellant,**

v.

**DISTRICT OF COLUMBIA, a Municipal Corporation, Appellee.**

**No. 2919.**

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 19, 1962.

Decided March 20, 1962.

Maurice R. Dunie, Washington, D. C., with whom Joseph D. Bulman, Sidney M. Goldstein and Arthur S. Feld, Washington, D. C., were on the brief, for appellant.

Richard W. Barton, Asst. Corporation Counsel, with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

MYERS, Associate Judge.

Appellant, a pedestrian, filed suit against the District of Columbia to recover damages for personal injuries from a fall on a sidewalk which she alleges was negligently maintained by the municipality. At the conclusion of her case, the trial court granted the District's motion for a directed verdict on the sole ground of absence of actual or constructive notice to the District of the alleged dangerous condition.

In this jurisdiction, the primary obligation to keep the sidewalks safe for walking rests upon the District; and although it is not an insurer of the safety of pedestrians using the sidewalks, if, after actual or constructive notice of any dangerous condition, the District fails to make the necessary repairs, negligence is imputed to the District from its failure to perform this duty [1] and persons injured while reasonably using the sidewalk may recover damages. The District is not under absolute obligation to respond for every accident a pedestrian may suffer upon its sidewalks. It is simply bound to exercise due care and diligence to remedy any dangerous condition of which it has timely notice.[2]

Appellant does not contend that the District had actual notice of the defect. She must, therefore, rely on constructive notice. Such notice is usually proved by showing that the sidewalk had remained in an unsafe condition for such period of time that

1. Jones v. District of Columbia, D.C.Mun. App., 123 A.2d 364, and cases therein cited.

2. District of Columbia v. Woodbury, 136 U.S. 450, 463, 10 S.Ct. 990, 34 L.Ed. 472.

the authorities, in the exercise of ordinary care, should have known of it.[3]

The record is devoid of any direct testimony on this point. Neither the pedestrian nor her witness who was walking behind her and saw her "suddenly stop and fall" had previously observed the hole which plaintiff pointed out had caused her fall, although both had used this same sidewalk regularly for a number of years in going to and from their homes and a bus stop. Appellant, in fact, had used the sidewalk twice a day for 19 years but did not remember seeing the defect until after she fell.

Appellant contends that, from viewing certain photographs taken several days later of the area where she fell, together with her own description of the hole,[4] the jury was in a position to determine whether the potentially dangerous condition had existed for such a length of time as to put the District upon constructive notice thereof.[5] We do not agree. We do not hold that a photograph can never be used as a basis to estimate "duration." Each case must be decided on its special circumstances. To permit the jury in the present case to *guess* from an examination of the photographs whether the described hole was the result of a recent break or of a gradual deterioration in the area, unaided by any testimony from a person qualified to express an opinion on this point after examining the hole, does not constitute the proof required to establish constructive notice to the District and thereby impute negligence on its part in maintaining the sidewalk.

We hold, therefore, that, under the facts of the present case, the trial judge properly directed a verdict for the District.

Affirmed.

3. Jones v. District of Columbia, supra.

4. The hole was described by appellant and her witness as about 6 inches long and 3 inches in diameter and about 2 inches deep. An examination of the photographs gives no clue as to how long the defect had existed.

5. There are no reported cases in this jurisdiction and in the state courts there is a division of opinion with respect to the probative value of photographs from which a jury, after examination thereof, may infer constructive notice in a case of this type.