**DISTRICT OF COLUMBIA, Appellant,**

v.

**Roslyn MEGGINSON and Otis Megginson, Appellees.**

**No. 4398.**

District of Columbia Court of Appeals.

Argued Dec. 3, 1968.

Decided Feb. 25, 1969.

David P. Sutton, Asst. Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, Hubert B. Pair, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellant.

Leonard Z. Bulman, Washington, D. C., with whom Burton D. Liss, Washington, D. C., was on the brief, for appellees.

Before FICKLING, KERN and GALLAGHER, Associate Judges.

GALLAGHER, Associate Judge.

This is an appeal from judgments against the District of Columbia after a trial without a jury in a negligence action involving personal injuries arising from faulty maintenance of the city streets.[1]

Appellee (wife), a pedestrian, caught her heel in a curb separation while crossing at an intersection, causing her to fall and sustain injuries. Photographs of the curb separation and adjacent area were placed in evidence by both parties to the litigation. There was no supporting evidence

---

1. Husband and wife were plaintiffs below. The wife received the injuries and

the husband sued for resulting damages suffered by him.

by plaintiffs showing the duration of the curb condition prior to the accident. The District of Columbia offered no evidence directly relating to the duration of the separation. Actual notice by the District of the curb condition was not established by plaintiffs.

In substance, the court below found that the curb separation was a dangerous condition and proximately caused the fall of the wife; that the place of the fall was under the full control of the District; that the dangerous condition existed sufficiently long prior to the accident that, in the exercise of ordinary care, the District should have detected the defect; that the District was on constructive notice of the curb defect for a sufficient period to impose upon it a duty to discover and repair the dangerous condition; that the District was negligent in not so doing; and that such negligence was the proximate cause of the personal injuries incurred by the wife and the resulting damages sustained by both plaintiffs.

■ The sole question presented here is whether the photographs of the curb condition were, standing alone, a sufficient basis for the trial court to infer constructive notice by the District. In finding constructive notice, the court below relied entirely on the photographic evidence. Appellant contends the trial court committed "plain error" in so doing and that, therefore, a reversal must result since no actual notice was shown.[2]

Concededly, the photographs accurately depict the condition at the time of the accident. Appellant disputes that the photographs, without more, establish that the condition existed previously for a sufficient period of time to enable the court to infer constructive notice. It is true that courts vary from case to case on whether particular photographs, standing alone, are sufficient to establish constructive notice of a street or sidewalk condition by a municipality in a negligence action.[3]

Appellant places considerable reliance on Harding v. District of Columbia, supra n. 2, where this court upheld a directed verdict for the District based upon a trial court ruling that the photographic evidence was insufficient to establish constructive notice. There, in affirming, this court held that under those particular circumstances the jury would have had to guess from an examination of the photographs as to whether a sidewalk condition resulted from a recent break or gradual deterioration. It was held that the photographs did not constitute the proof required to establish constructive notice. In so holding, however, this court affirmatively avoided deciding that "a photograph can never be used as a basis to estimate 'duration'" of a defect. Rather, we stated that "[e]ach case must be decided on its special circumstances." Id. at 922.

■ We are mindful that the crucial question here involves the trial court's evaluation of documentary evidence, viz., the photographs, as distinguished from conflicting oral testimony. Consequently, we have reviewed the evidence with particular care.[4] Our examination of the photographs reveals that reasonable minds may well differ on whether they establish that the curb condition existed for a duration which per-

2. It is true, of course, that to prevail here plaintiffs were required to show actual or constructive notice by the District of the dangerous curb condition. Harding v. District of Columbia, D.C.Mun.App., 178 A.2d 920 (1962).

3. See, e. g., Van Dorn v. City and County of San Francisco, 103 Cal.App.2d 714, 230 P.2d 393 (1951) (photos sufficient). Contra, Harding v. District of Columbia, supra n. 2; McDermot v. City of New York, 287 F.2d 49 (2d Cir. 1961) (photos insufficient).

4. Cf. Dollar v. Land, 87 U.S.App.D.C. 214, 217–218, 184 F.2d 245, 248–249 (1950), cert. denied, 340 U.S. 884, 71 S.Ct. 198, 95 L.Ed. 641 (1950) and Rogers v. Cox, D.C.Mun.App., 75 A.2d 776, 777–778 (1950).

mitted the finding of constructive notice. We will, therefore, not substitute our judgment for that of the trial court as we are left with no firm conviction that a mistake has been committed. United States v. United States Gypsum Co., 333 U.S. 364, 394–395, 68 S.Ct. 525, 92 L.Ed. 746 (1948); C. I. R. v. Duberstein, 363 U.S. 278, 290–291, 70 S.Ct. 1190, 4 L.Ed.2d 1218 (1960); Glendening v. Glendening, D.C.App., 206 A.2d 824, 826 (1965). We conclude that there was substantial evidence to support the trial court's findings and that they are not clearly erroneous.[5]

Accordingly, the judgments below are

Affirmed.