**Richard F. BROWN, a minor, by his Next Friend, Arnold Brown, Appellant,**

v.

**Charles LESH and Patricia Lesh, Respondents.**

**No. 42017.**

Missouri Court of Appeals, Eastern District, Division Three.

July 15, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 12, 1980.

Application to Transfer Denied Oct. 15, 1980.

James J. Knappenberger, Douglas L. Levine, Shaw, Howlett & Schwartz, Clayton, for appellant.

Wm. W. Eckelkamp, Jenny, Cole & Eckelkamp, Union, Sidney A. Thayer, Jr., Politte, Thayer & Keunzel, Washington, for respondents.

REINHARD, Judge.

Plaintiff appeals from an order of the trial court sustaining defendants' motion for a directed verdict at the close of plaintiff's case. We affirm.

Plaintiff alleged that he was injured while using a swing owned by defendants on defendants' premises on May 9, 1973. In his petition, he alleged that the defendants failed to keep said swingset in a reasonably safe condition so that it could be used by plaintiff; that defendants knew, or by the exercise of ordinary care could have known, of the dangerous and defective condition of said swing in time thereafter to have remedied same; that they were negligent in failing to notify or warn him of the hidden defect; and that they were negligent in failing to repair or replace said swingset.

The only evidence presented by the plaintiff was the testimony of himself, his father and mother. Plaintiff testified that at the time of the injury he was 12 years of age, weighed 160 pounds and was 6'1" tall. He was outside his home shortly before suppertime when defendants' sons, both younger than plaintiff, asked him to come over and join them. He went to their yard and they invited him to swing on their swingset. One of them told him not to swing too high because the swingset was "not in too good a shape."

Plaintiff swung back and forth a few times, and then both the chains broke. He fell a distance of about four feet and landed on his back. He noticed that the chains were rusted. He was hospitalized with back injuries and had to wear a brace through the summer.

Plaintiff's father testified that he was called to the scene of the accident. He estimated that both chains broke a foot or two from the top. He said both chains were really rusted. He did not see the broken links, however, and could not say whether the links snapped or whether they pulled apart.

Plaintiff's mother testified that she noticed the chains were rusted. She did not know whether the links broke or separated.

At the close of plaintiff's case, defendants moved for a directed verdict on the grounds that plaintiff had failed to show causation and had failed to show knowledge on the part of the defendants. Defendants' motion was sustained.

On appeal, plaintiff contends that he made a submissible case and that the court erred in directing a verdict for the defendants. He contends that the evidence of rust on the chains raised an inference that the

chains were weakened, and that there is circumstantial evidence in the record that defendants knew of this condition and its danger.

For the purpose of our review, we consider the evidence in the light most favorable to plaintiff and indulge in all reasonable inferences from the evidence in his favor. If we find substantial evidence to support plaintiff's claim, we must reverse. *Kaelin v. Nuelle*, 537 S.W.2d 226, 229, 230 (Mo.App. 1976).

 Plaintiff contends that he was an invitee. This contention is incorrect. He was a licensee. He was a social guest with permission to enter the premises, but entered for his own purposes. *Wolfson v. Chelist*, 284 S.W.2d 447, 448 (Mo.1955). The duty owed to a licensee is set forth in Restatement of Torts § 342 (1934), adopted by our Supreme Court in *Wells v. Goforth*, 443 S.W.2d 155, 158 (Mo. banc 1969).

For plaintiff to make a submissible case, he had to present evidence to show that the chains were in a defective condition which posed an unreasonable risk to plaintiff; that defendants *knew* of this condition and the risk it posed and had reason to believe plaintiff would not discover the condition or realize the risk; that defendants failed to exercise reasonable care by warning plaintiff or by correcting the defect; and that this defect caused plaintiff's injuries.

In short, plaintiff had to show that a defect which was known to defendants caused his injury. The showing that the chain was rusty is not enough. Plaintiff's evidence failed to reveal what type of chains were involved, what material they were made of, or how the links were connected. The evidence did not show the degree to which the rust had permeated the chains nor the effect of rust on the strength of chains. Common experience tells us that metals exposed to weather will rust. It also tells us that there are different degrees of rust and that a metal object is not neces-

sarily weakened appreciably or made unsuitable for its intended use by a coat of rust. The court properly sustained defendants' motion for a directed verdict.[1] Plaintiff failed to show that any defect or condition known to defendants caused his injury.

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.

---

1. Plaintiff's father testified that Mrs. Lesh said: "I had looked out just before this and I was going to go out and tell them not to swing so high in this swingset." This statement does not aid the plaintiff in supplying the missing links in his proof.