**Mary L. WORD, Appellant,**

v.

**CITY OF ST. LOUIS, Respondent.**

No. 42503.

Missouri Court of Appeals, Eastern District, Division Three.

April 14, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 15, 1981.

Application to Transfer Denied July 14, 1981.

Leonard P. Cervantes, St. Louis, for appellant.

John Fitzgibbon, City Counselor, St. Louis, for respondent.

REINHARD, Judge.

Plaintiff fell on an asphalt strip between the curb and sidewalk in front of the Kingshighway entrance of St. Louis Children's Hospital and injured her knee. According to her testimony, the fall came about because she stepped into a hole in the asphalt. She filed suit against the City of St. Louis to recover damages for injuries she sustained. Trial by jury resulted in a verdict and judgment for plaintiff in the amount of $100,000. However, the court set aside the jury verdict and entered judgment for the defendant in accordance with defendant's motion for a directed verdict on the ground that plaintiff failed to establish a submissible case for the jury. Plaintiff appeals.

The parties agree the sole issue with which we are confronted is whether there was sufficient evidence presented by the plaintiff to make a submissible case on the issue of constructive notice of the hole to the city.[1]

---

1. It is the duty of a city to maintain its public streets and sidewalks in a reasonably safe condition for use by the public. *Lithegner v. City of St. Louis*, 125 S.W.2d 925, 929 (Mo.App. 1939). A corollary to this duty is the duty to "exercise ordinary care to discover and remedy conditions which render such places not reasonably safe for such use." *Id.* As a further

"Entry of judgment notwithstanding the verdict is equivalent to directing a verdict at the close of the evidence." *Bennett v. North Brighton Townhouses, Inc.*, 588 S.W.2d 100, 103 (Mo.App.1979). "In determining whether appellants [plaintiff] have made a submissible case and therefore, whether the trial court erred in sustaining respondent's [defendant's] motion for a directed verdict, the evidence presented must be viewed in the light most favorable to appellants [plaintiff] giving them [her] the benefit of all reasonable inferences to be drawn therefrom . . . ." *Krentz v. Wolff*, 560 S.W.2d 271, 278 (Mo.App.1977). Plaintiff's case should not be withdrawn from the jury unless "the facts in evidence and the reasonable inferences to be drawn therefrom are so against the plaintiff as to leave no room for reasonable minds to differ." *Baumle v. Smith*, 420 S.W.2d 341, 344 (Mo.1967).

With these principles in mind, we shall review the evidence to determine if plaintiff made a submissible case as to constructive notice of the defect. Plaintiff testified that she alighted from a bus on the west side of Kingshighway, crossed the street within the crosswalk, and as she stepped onto the east curb, her foot went down into a hole and she fell. There were no witnesses to the accident. Plaintiff described the hole as being approximately a foot across and three inches deep. After she fell, plaintiff noticed a round piece of metal stuck in the hole which was shiny and rusty. Plaintiff testified that there were cracks around the hole and that there was no fresh dirt in the hole. On cross-examination, defense counsel elicited testimony from the plaintiff that the hole must have been in existence for some time due to the presence of several long cracks extending from the hole. Plaintiff introduced photographs which she testified accurately represented the area as of the time of the accident. On the photographs, plaintiff circled both the cracks emanating from the hole and the piece of metal embedded in the center of the hole. We agree with plaintiff that she made a submissible case on the issue of constructive notice.

Defendant challenges the probative value of plaintiff's testimony and her photographs. Defendant claims plaintiff's testimony that she knew the hole had been there for a long time because of the presence of cracks in the asphalt was "guesswork and conjecture" and therefore of no probative value to the case. Further, defendant argues that the photographs of the hole were insufficient to establish constructive notice to defendant.

As a general rule, to be submissible, a case must depend upon proof of facts and cannot be sustained by mere conclusions of witnesses. *Zeigenbein v. Thornsberry*, 401 S.W.2d 389, 394 (Mo.1966). However, under certain circumstances, conclusive statements received without objections can be considered in determining whether the plaintiff made a submissible case. *Ferrell v. Sikeston Coca-Cola Bottling Co.*, 320 S.W.2d 292, 296 (Mo.App.1959); *Ridenhour v. Oklahoma Contracting Co.*, 45 S.W.2d 108, 112 (Mo.App.1932).

Clearly, plaintiff's testimony that the hole had been there a "long time" because there were cracks in the asphalt coming from the hole, could be considered by the jury along with other evidence because this evidence was elicited without objection by the defendant. We need not determine

duty, the city must cause any street which falls out of repair to be repaired within a reasonable time. *Id.* "Before the city can be held liable for failure to remedy a defective condition, it must appear that the city had a reasonable opportunity of doing so, which makes it necessary that it be shown either that the city had notice of the defect or that it was so obvious or had existed for such a length of time as to indicate that the city would have known it if it had used ordinary care in observing the condition of its streets and sidewalks." *Id.* Here, plaintiff based her case upon constructive notice, not actual notice.

There is no fixed rule as to the length of time necessary to justify a presumption of notice to a city of a dangerous condition on a public street or sidewalk. Each case must depend upon the facts and circumstances shown therein. *Young v. Webb City*, 150 Mo. 333, 51 S.W. 709, 711 (1899); *Gudorp v. City of St. Louis*, 372 S.W.2d 483, 487–88 (Mo.App.1963).

whether this evidence alone was sufficient to make a submissible case because the record here reveals more than this conclusion to support an inference that the defect was present long enough to enable defendant, in the exercise of due care, to discover and remedy its presence. Plaintiff testified that the metal object embedded in the hole was "rusty." As explained in *Brown v. Lesh*, 604 S.W.2d 636 (Mo.App.1980): "Common experience tells us that metals exposed to weather will rust." *Id.* at 638. The jury could have reasonably inferred that the defect had been present long enough for the metal to rust and the cracks to appear. *Cf. Harrison v. San Francisco Railroad Co.*, 339 Mo. 821, 99 S.W.2d 841 (1936) (proof of defect subsequent to accident, as being a condition that was the gradual and joint product of time and neglect, is admissible to show same condition existed at time of accident).

The photographs of the locus of the accident were introduced in evidence. Plaintiff properly identified these photographs as accurate representations of the area as of the time of the accident. *Weber v. Missouri Kansas-Texas Railroad Co.*, 519 S.W.2d 307, 313 (Mo.App.1975). Defendant does not challenge the photographs' accuracy. The photographs show the hole's location, its size, the cracks emanating from the hole, the metal object embedded in the hole, and the lack of dirt surrounding the hole.

We find no Missouri cases helpful to the issue of whether a photograph can be used as proof of constructive notice of a defect.[2] However, other jurisdictions in similar circumstances [3] have relied on photographs as evidence warranting a rational inference that the defect had been in existence long enough to hold a defendant liable for the failure to remedy its presence. *E. g., Hanson v. City of Worchester*, 346 Mass. 51, 190 N.E.2d 106, 107 (1963); *Kelly v. City of Springfield*, 328 Mass. 16, 101 N.E.2d 352, 353 (1951); *Taylor v. New York Transit Authority*, 48 N.Y.2d 903, 904, 400 N.E.2d 1340, 1341, 424 N.Y.S.2d 888, 889 (1979); *Batton v. Elghanayan*, 43 N.Y.2d 898, 900, 374 N.E.2d 611, 612, 403 N.Y.S.2d 717, 718 (1978).

■ A complete review of the record leads us to the conclusion that plaintiff made a submissible case on the issue of constructive notice. In reaching this conclusion, we rely on plaintiff's testimony, including her description of the hole, the round rusty piece of metal, the cracks in the surrounding asphalt area, as well as the photographic evidence. A jury could have reasonably inferred that the defect existed for such a length of time that the defendant would have known of it if it had used ordinary care in observing the condition of its streets and sidewalks.

The order of the trial court is reversed and the case remanded with instructions to reinstate the verdict of the jury.

CRIST and SNYDER, JJ., concur.

2. Use of a photograph to show the existence of the defect was affirmed in *Seitter v. City of St. Joseph*, 358 S.W.2d 263, 270 (Mo.App.1962).

3. Defendant argues that we are faced with circumstances wherein we have no testimony as to the length of time the defect existed prior to the accident to aid the photographs. It cites numerous cases which it claims support its proposition that photographs alone are not sufficient evidence to demonstrate the length of time a defect has been in existence prior to the accident. *McDermot v. City of New York*, 287 F.2d 49, 50 (2d Cir. 1961); *Harding v. District* of Columbia, 178 A.2d 920, 922 (D.C.1962); *City of Jacksonville v. Hampton*, 108 So.2d 768, 771 (Fla.Dist.Ct.App.1959); *LaPlant v. City of Springfield*, 348 Mass. 774, 202 N.E.2d 916, 917 (1964); *Valle v. City of New York*, 22 Misc.2d 985, 198 N.Y.S.2d 731, 733 (Sup.Ct.1960); *Rotker v. City of New York*, 124 N.Y.S.2d 231, 233–34 (N.Y.Mun.Ct.1953). We need not reach this issue because, as we explained earlier, we have testimony as to the duration of the defect prior to the accident which supports the photographs.