**Edward B. ARTHUR, Appellant,**

v.

**Louis JABLONOW, Respondent.**

**No. 45842.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 7, 1984.

Robert W. Henry, Clayton, for appellant.

Ben Ely, Jr., St. Louis, for respondent.

CRANDALL, Judge.

This is an appeal from a judgment notwithstanding the verdict entered against plaintiff. The petition was in two counts. Count I named respondent Jablonow as defendant and sought damages for slander. Count II was a claim based on tortious interference with a business relationship against Jablonow and Mid-America Theatre Management Company. The case was tried to a jury, which returned a verdict in favor of plaintiff on the slander count.[1] The trial court granted defendant Jablonow's motion for judgment notwithstanding the verdict on the "grounds that plaintiff failed to show that any statement by defendant Jablonow exposed plaintiff to hatred, contempt or ridicule or deprived plaintiff of public confidence and social associations...."[2] Plaintiff appeals. We affirm.

Entry of a judgment notwithstanding the verdict is the equivalent of directing a verdict at the close of the evidence. *Word v. City of St. Louis,* 617 S.W.2d 479 (Mo.App.1981). On review we view the evidence in the light most favorable to the plaintiff, giving him the benefit of all reasonable inferences to be drawn therefrom. *Id.* However, we must affirm the trial court if its ruling was proper for any reason, even if the grounds assigned were wrong. *Girardeau Contractors, Inc. v. Missouri Highway and Transportation Commission,* 644 S.W.2d 360 (Mo.App. 1982). Within this framework, we now review the evidence.

The events giving rise to this suit occurred in 1979. At that time, plaintiff was sixty-three years of age. He was a shareholder and officer in Arthur Enterprises, a corporation which at one time had owned or

1. Count II was ultimately resolved adversely to plaintiff and was not appealed.

2. In the alternative, the trial court granted a new trial on Count I upon the ground that the verdict was against the weight of the evidence. In view of our opinion, a review of that ruling is unnecessary.

controlled several other corporations involved in the operation of numerous motion picture theatres in the St. Louis area. One corporation controlled by Arthur Enterprises was St. Louis Amusement Company which had gone into involuntary bankruptcy listing several hundred thousand dollars in debt to various motion picture distributors as unsecured creditors. Plaintiff had been the President of St. Louis Amusement Company for at least thirty years. In 1979 Arthur Enterprises had a financial interest in the Webster, Kirkwood and I–270 Drive-In Theatres. At the time of trial, Arthur Enterprises did not have a financial interest in any theatre and was in the process of liquidation.

In March 1979 plaintiff was contacted by Mr. Norman Probstein concerning a possible partnership in purchasing and operating the Kirkwood Theatre. Probstein and plaintiff discussed the business venture. Plaintiff offered to manage the theatre for a salary of $250 per week plus an "ownership" position in the corporation that would own the theatre.

Following this discussion, Probstein phoned defendant Jablonow and asked his opinion of the deal. Jablonow stated that it would be difficult for plaintiff to obtain or "book" pictures "because of what happened to St. Louis Amusement Company and Arthur Enterprises." He also stated that booking pictures is a young man's game. As a result of this conversation Probstein decided not to go into the proposed business venture with plaintiff.

At trial, plaintiff's verdict-directing instruction premised liability, in pertinent part, on the fact that "defendant Louis Jablonow stated in response to questions concerning plaintiff's managing the Kirkwood Theatre that booking and buying pictures is a young man's game and that it would be difficult for plaintiff to get pictures from certain companies."

■ Plaintiff asserts that these statements constituted slander per se in that they injured him in his business.

As a general rule, false words which tend to prejudice the person spoken of in his business, profession, office, occupation, or employment, are actionable without proof of special damages if they affect him in such calling in a manner that may, as a necessary consequence, or does, as a natural consequence, prevent him from deriving therefrom that pecuniary reward which, probably he might have obtained. The words must impute a want of knowledge, skill, capacity, or fitness to perform or discharge the duties of a profession, trade, business or employment, or, stated another way, to be actionable per se the words must be defamatory of the plaintiff in such calling in that they impute fraud, want of integrity or misconduct in the line of his calling.

*Brown v. Kitterman*, 443 S.W.2d 146, 154 (Mo.1969) (citations and quotations omitted). To be actionable per se, the words must be defamatory on their face. *Greening v. Klamen*, 652 S.W.2d 730 (Mo.App. 1983). Whether the words are actionable per se is a question of law which this court may decide. *Missouri Church of Scientology v. Adams*, 543 S.W.2d 776 (Mo. banc 1976).

■ Taking the words on their face, we conclude that they are not defamatory per se. At their worst the words merely suggest that plaintiff would have difficulty in carrying out his duties. They did not ascribe any hateful characteristics to plaintiff, nor did they "impute fraud, want of integrity, or misconduct." *Greening v. Klamen*, 652 S.W.2d at 734. They do not rise to the level of a defamation necessary to support an action for slander per se. Plaintiff, therefore, failed to make a submissible case and the court properly entered judgment against him. In view of our holding it is unnecessary to consider other points raised by plaintiff and defendant on appeal.

The judgment of the trial court is affirmed.

KAROHL, P.J., and REINHARD, J., concur.