**BROADSTREETS, INC.,**
**Plaintiff-Appellant,**

v.

**Randy SHIPPEE,**
**Defendant-Respondent.**

**No. 13794.**

Missouri Court of Appeals,
Southern District.
Division Two.

Aug. 7, 1985.

Bruce K. Kirby, Keeter, Karchmer, Nelms, Kirby & Johnson, William A. Wear, Jr., Wear & Wear, Springfield, for plaintiff-appellant.

James R. Spradling, Esterly, Spradling & Checkett, Carthage, for defendant-respondent.

MAUS, Judge.

Plaintiff-appellant appeals from a judgment for defendant-respondent in an action to recover for the price of merchandise. The petition sought recovery upon the basis of an express contract.

In January, 1983, appellant and respondent executed a contract for design services. Respondent, as the customer, signed "Randy Shippy."[1] The contract contained no reference to the sale and/or purchase of merchandise. During 1983 design services were rendered by the appellant. The charge at the agreed hourly rate was $300. Also during 1983, merchandise consisting of restaurant decorations was invoiced to "Captain W.T. Walkers Restaurant and Lounge", attention Randy Shippy. Appellant's statement of the account shows that the charge for design services was paid by respondent's deposits with the appellant.

The parties briefed and argued the issue of the respondent's liability as an agent for an undisclosed principal. For a discussion of this doctrine involving the respondent see *David v. Shippy*, 684 S.W.2d 586 (Mo. App.1985). In this connection, it must be noted the plaintiff-appellant accepted corporate checks of W.T. Walkers, Inc., for the deposit called for by the contract and for a subsequent deposit. However, it is not necessary to resolve the issue of respondent's liability on the basis of that doctrine.

■ In this court tried case, this court is to sustain the judgment if the result reached was correct on any tenable basis. *Arthur v. Jablonow*, 665 S.W.2d 364 (Mo. App.1984); *Wilson v. City of Waynesville*, 615 S.W.2d 640 (Mo.App.1981). As noted, the petition sought recovery upon an express contract. The contract provided only for design services. The contract did not refer to sale and/or purchase of merchandise. The charge for design services was paid. This departure was noted by the trial court in announcing its judgment at the close of trial.

■ Invoices for merchandise sold were admitted without objection. However, even if the petition is considered amended pursuant to Rule 55.33(b) to state an action on account, error is not established. Also, as noted by the trial court, there was inconclusive evidence concerning the shipment and receipt of the merchandise. Further, the only evidence concerning the reasonable value of the merchandise was the vague surmise of the respondent the statement of account looked reasonable. He professed that he was not a "finance man"; that was the field of his associate. Respondent was not shown to have any competency to express an opinion of reasonable value. No findings of fact were made or requested. All fact issues upon which no specific findings were made are to be considered as having been found in accordance

1. Apparently through error, in this cause the defendant's name has been incorrectly spelled as "Shippee."

with the result reached. Rule 73.01(a)(2). The trial court was entitled to find there was no evidence with probative value to establish receipt or reasonable value. The judgment is affirmed.

PREWITT, C.J., HOGAN, P.J., and CROW, J., concur.