Tela Mae DOUGLAS,
Plaintiff/Respondent,

v.

CITY OF ST. LOUIS,
Defendant/Appellant.

Nos. 59089, 59211.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 26, 1991.

Edward James Hanlon, Brian Stanley Witherspoon, Government Counsel, City Counselors Office, St. Louis, for defendant/appellant.

Don B. Sommers, St. Louis, for plaintiff/respondent.

REINHARD, Presiding Judge.

Plaintiff was injured when she stepped on a traffic signal access box cover while walking on a city sidewalk. The jury returned a verdict for plaintiff in the amount of $15,000. A judgment was rendered on the verdict and defendant appealed. We affirm.

The sole issue on appeal is whether there was sufficient evidence presented by the plaintiff to make a submissible case on the issue of whether defendant had constructive notice of the defective cover.

Plaintiff testified that she was injured on April 2, 1988, when she stepped on a traffic signal access box cover while walking on the sidewalk near the intersection of Chouteau and Jefferson in the City of St. Louis. She did not observe the condition of the cover prior to stepping on it. As she stepped on it with her left foot, she felt it give way. She fell up to her knee in the exposed hole.

The cover of this "handhold" box is a lid made out of a fiberglass based material which is held down by bolts and allows access to the underground wires which service the traffic lights. Defendant admitted the cover had been installed 10 to 15 years before this accident.

Plaintiff called as witnesses city employees Ken Morton and Keith Germer. Morton is a city street and traffic inspector and was the first person called to the scene. Germer was a signal electrician of the City

of St. Louis Traffic Division who was called after his division was notified by Morton.

Morton said that he deals with obstructions and hazards of the streets, sidewalks and alleys. He said each intersection in the City of St. Louis that has a signal light has one of these covers. This accident occurred within the geographical area he was responsible for. He was the only inspector in this area and he was not required to inspect the covers. When he arrived he saw the hole in the sidewalk. He put a barricade around it and notified the dispatcher to get someone out there immediately.

Germer arrived at the scene. He observed that the cover had collapsed and been pushed inside the hole. Germer is familiar with the covers because he has removed them to work on the wires. He said the time had come when some of these had "been damaged somehow." He said that a cover in good condition will not collapse under someone the weight of plaintiff. However, the covers get weakened by wear and tear and sooner or later the fiberglass gives way.

Germer testified that his department does not inspect the covers. There are only two ways to determine that a cover is cracked or broken and needs replacement. One could spot a defect by observing a crack or break from the surface or by picking up the cover to examine it. If the cover is sagging, warped or does not fit, it should be replaced. He testified that, "Whenever we would replace any of these covers, if there's anything left of an old cover, we simply threw it in the dumpsters." He said that there had been other instances when the covers had become defective as the result of deterioration over time and that these instances were rare. However, he said that he threw away the cover in this case; that such defective covers are routinely thrown away; and that, "It was just routine to not save those."

■ In determining the sufficiency of the evidence, we must view the evidence in the light most favorable to the jury's verdict and afford the prevailing party the benefit of all reasonable inferences which can be drawn from the evidence. *Melton v. M.I. Central Gulf R.R. Company*, 763 S.W.2d 321, 324 (Mo.App.1988). It is not disputed that the cover was defective and that this caused a dangerous condition on the date plaintiff was injured.

■ As we stated in *Word v. City of St. Louis*, 617 S.W.2d 479 (Mo.App.1981): "There is no fixed rule as to the length of time necessary to justify a presumption of notice to a city of a dangerous condition on a public street or sidewalk. Each case must depend upon the facts and circumstances shown therein." *Id.* at 481 n. 1, *citing Young v. Webb City*, 51 S.W. 709, 711 (Mo.1899); *Gudorp v. City of St. Louis*, 372 S.W.2d 483, 487–88 (Mo.App. 1963). A city has constructive knowledge that a street is not reasonably safe "where the dangerous and defective condition is of such nature, even though not 'obvious and notorious,' and has existed for such a length of time that the city in the exercise of ordinary care could and should have discovered and remedied it." *Rittershouse v. City of Springfield*, 319 S.W.2d 518, 522 (Mo.1959). The question of whether a city, in the exercise of ordinary care, would have discovered the condition a sufficient length of time prior to plaintiff's injury to have removed it and thereby prevented the injury is to be determined by the jury. *Peterson v. Kansas City*, 23 S.W.2d 1045, 1048 (Mo.1929).

■ Taking the evidence in the most favorable light to the verdict and giving the plaintiff the benefit of all reasonable inferences, our review of the record leads us to conclude that plaintiff made a submissible case on the issue of constructive notice. It can be inferred from the evidence that the cover had been installed for 15 years; that over time these covers weaken from wear and tear and that sooner or later the fiberglass gives way; that defendant was aware of this because of finding previous defective and damaged covers; and that they were of such number that, according to the person responsible for replacing them, workers *routinely* disposed of them by putting them in dumpsters.

The record further reveals that defendant made no effort to inspect these old covers for deterioration. A jury could have reasonably inferred that the defect existed for such a length of time that defendant would have known of it had it used ordinary care in observing the condition of the sidewalk and the cover. *Word,* 617 S.W.2d at 482.

Judgment affirmed.

GARY M. GAERTNER and CRANE, JJ., concur.