ELLEN DEGNAN, Respondent, *v.* CITY OF NEW YORK and Another, Defendants, Impleaded with HUDSON BUILDERS CORPORATION, Appellant.

First Department, November 2, 1928.

*John P. Carson* of counsel [*William A. Earl*, attorney], for the appellant.

*Patrick Monahan* of counsel [*Monahan & O'Brien*, attorneys], for the respondent.

FINCH, J.   The defendant Hudson Builders Corporation appeals from a judgment in favor of plaintiff, after a trial before the court and jury, in a personal injury action.

The plaintiff alleged negligence in that a flagstone moved when she stepped upon it and thus threw her into a hole adjoining the sidewalk and caused her to break her right arm.   The jury brought in a verdict for her in the sum of $3,500.

The defendant, appellant, owned property on Vermilyea avenue in the city of New York, beginning one hundred feet north of Two Hundred and Fourth street.   The plaintiff filed a claim with the city, in which she swore that she was injured while on the west side of Vermilyea avenue about sixty feet north of Two Hundred and Fourth street, or at a point forty feet south of where the defendant, appellant's property begins.   The active man in the defendant, appellant, testified that it was about to erect an apartment house and had engaged an independent contractor to do the excavating; that he had knowledge that the trucks were crossing the sidewalk and that the place where they crossed was immediately in front of his property; that the weight of a truck empty is five or six tons, and that the added weight of a load of rock or dirt is another three or five tons. Apparently also the letting of the contract for this excavation necessitated the crossing of the sidewalk, since it does not appear that there was any other means of access to the property to be excavated.   It also appears that there were two places, as testified to by plaintiff's son on behalf of the plaintiff, where trucks had been going across the sidewalk, one place being in front of the defendant, appellant's property, and the other about fifty feet north of Two Hundred and Fourth street.   Upon the trial the plaintiff contended that she had made an error in swearing in her proof of claim filed with the city that she had fallen at a point sixty feet north of Two Hundred and Fourth street, but that, on the contrary, she had been injured at a point one hundred feet north of Two Hundred and Fourth street and in front of the defendant, appellant's property.   Her testimony, however, as to whether she had been injured in front of the defendant's property or at some other point, was most uncertain, and the claim of the defendant that the accident happened sixty feet north of Two Hundred and Fourth street — forty feet south of where its own property began — was corroborated by the police officer who testified for the

plaintiff and who had made an entry to that effect in the police blotter at the time of the accident. It does not appear that the defendant was in any way connected with any crossing of trucks at the point sixty feet north of Two Hundred and Fourth street, and in fact during the trial the court stated that if the accident happened at such a point, the defendant was not liable. When the learned court came to the charge, he stated clearly and correctly the principles of law applicable to the case in hand, and then continued: "The question in this case is whether or not you are satisfied from the evidence that the work itself here created a danger; in other words, whether or not, having let a contract to another to take out excavation or take out material, that letting that contract, with a knowledge of the fact that the contractors were going over the sidewalk, constituted the creation of a danger by the work itself. If you find that it did, then the rule is that even though there is an independent contractor who was doing the work that created the danger, that work creating a danger in a highway where pedestrians are accustomed to walk, that the man for whom the work was done, or the owner of the property with superior title is himself liable if he fails to guard or protect that work, and if that is what causes the injury. In other words, the question for you to say is: Did the work itself here create the danger, and was there negligence on the part of this defendant in failing to repair it, guard it, or protect it, or, as alleged in the bill of particulars, in failing to correct or taking steps to modify the danger?"

The liability of the defendant, appellant, was thus left indefinite in so far as based upon whether the accident happened in front of the property owned by it or at some other point. It then became incumbent upon counsel for the defendant to have the jury thoroughly understand the application of the principles of law to the liability of the defendant based on the closely contested issue of fact as to whether the accident happened because of a defective sidewalk in front of the property owned by the defendant, appellant, or at some other point. The attorney for the defendant, therefore, requested the court to charge as follows: "Mr. Carson: I most respectfully request the Court to charge the jury that if the jury find that this accident happened sixty feet north of 204th Street, and that this defendant neither directed, permitted, or allowed, this contractor to cross the sidewalk at that point with its trucks, then their verdict must be in favor of the defendant." The court declined this request, and the defendant excepted. The court then stated to the jury: "I will advise the jury that the point where the crossing of the sidewalk was undertaken is not the material

element here. The question is whether it was done in getting into this job, and whether it was done with the knowledge of the defendant. Of course, they must find that the woman was injured at a point where the trucks went in, and that her injury was due to the sidewalk being broken by the trucks going in."

The attorney for the defendant had thus clearly stated the circumstances which would absolve his client from liability, and this modified charge of the court did not clearly meet this contention. While the defendant would be liable in accordance with the charge of the court quoted above if the accident happened in front of his property and the jury found that the work of excavation necessarily caused the damage to the sidewalk, yet the defendant would not be liable if the accident happened at a point not in front of the property owned by the defendant, appellant, and it had neither directed, authorized nor permitted the contractor to cross the sidewalk at this point. If the defendant had a means of access to the premises owned by the defendant, appellant, at any point across the sidewalk of the 100-foot frontage, and the contractor, for his convenience and without any direction, authorization or permission from the defendant, appellant, crossed the sidewalk at some point distant from the property of the defendant, appellant, the defendant, appellant, would not be liable. As was said by Judge COLLIN in *Herman* v. *City of Buffalo* (214 N. Y. 316): " The appellant must have created or participated in the creation of the dangerous and menacing condition. * * * An owner is not liable to third persons for the injurious acts of a competent independent contractor or of a subcontractor, unless * * * the injury is a direct and natural result from the work required of the independent contractor either by the contract or the direction of the owner. * * *

" The creation or participation in the creation of the dangerous condition must have been with the consciousness and understanding on the part of the appellant that it was creating it; or it must have been obvious and almost certain to a reasonably prudent man, while the acts were being performed on the part of the appellant, that those acts would create or help to create it. The condition must have been a purpose or object of the appellant; it must have intended to effect it; or its acts have been so reckless and unwarranted that that intention must be conclusively implied. This is not declaring that it must have intended the danger or the catastrophe. It must have intended the condition, but, having that intention, may have thought it was not dangerous or been thoughtless in regard to it."

It is not shown that the appellant had any knowledge whatsoever

that this contractor was crossing the sidewalk at any point except in front of its own premises, and apparently nothing expressed or by implication in the contract or from the doing of the work would require the contractor to cross the sidewalk at a point other than in front of the appellant's premises. Any knowledge which the appellant may be shown to have possessed of a crossing of the sidewalk at a point other than in front of its own property would only have a bearing upon the issue of whether the appellant created or participated in the creation of the dangerous and menacing condition.

It follows that the judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

DOWLING, P. J., MERRELL, McAVOY and O'MALLEY, JJ., concur.

Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.