OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
In view of the affirmed factual findings, our only inquiry is whether there exists support in the record for the jury’s verdict. The jury could have found that, whenever taken, the photographs introduced by plaintiff were a fair and accurate representation of the condition of the penultimate step on the stairway as of the time of the occurrence. From their depictions and the testimony of plaintiff and her daughter, the jury was presented with a question of fact from which it was also entitled to conclude that it represented a negligent condition and that it was the proximate cause of plaintiff’s fall.
Nor can we say that, as a matter of law, the evidentiary basis was insufficient to demonstrate constructive notice of the defect. Specifically, the jury could have inferred from the irregularity, width, depth and appearance of the defect apparent from the concrete surface exhibited in the photographs, that the condition had to have come into being over such a length of time that knowledge thereof should have been acquired by the defendant in the exercise of reasonable care (Blake v City of Albany, 48 NY2d 875; Batton v Elghanayan, 43 NY2d 898, 900).
As to defendant’s assertion of error in the trial court’s refusal to incorporate the request to charge that the jury must find actual or constructive notice of "a defective condition on Stairway U2 [on the] 2nd step from the bottom”, the language *905 of the court’s charge essentially paralleled the proffered instruction; in any event, no objection to the charge as given was lodged by defendant’s counsel as required by CPLR 4110-b (Pagnella v Action For A Better Community, 57 AD2d 1076; see Guaspari v Gorsky, 29 NY2d 891). Neither can it be said that the court’s refusal to charge that the absence of any record of prior accidents on the stairway might bear on the issue of foreseeability of the danger — to which an exception was taken — was erroneous since the charge, taken as a whole, adequately incorporated the substance of this request (see Spinelli v Licorich, 24 AD2d 172, 173-174, affd 19 NY2d 614; Gross v City of New York, 24 AD2d 751).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsbérg and Meyer concur.
Order affirmed, with costs, in a memorandum.