BEVERLY KARTEN et al., Appellants, v CITY OF NEW YORK, Respondent and Third-Party Plaintiff. CONSOLIDATED EDISON, Third-Party Defendant-Respondent.

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Fourth-Party Plaintiff-Respondent, v INTERBORO ASPHALT PAVING Co., INC., Fourth-Party Defendant-Respondent.

First Department, June 25, 1985

### APPEARANCES OF COUNSEL

*Richard Cary Spivack* of counsel (*Abbott & Bushlow,* attorneys), for appellants.

*Ellen B. Fishman* of counsel (*Stephen J. McGrath* with her on the brief; *Frederick A. O. Schwarz, Jr., Corporation Counsel,* attorney), for defendant-respondent and third-party plaintiff.

*Geraldine O'Donnell* of counsel (*Ernest J. Williams,* attorney), for third-party defendant-respondent.

### OPINION OF THE COURT

FEIN, J.

On September 16, 1977, plaintiff Beverly Karten (Beverly), then 45 years of age, was crossing East 52nd Street in the crosswalk on the westerly side of Lexington Avenue in Manhattan when she fell and sustained a comminuted fracture of her right elbow by reason of an allegedly dangerous and defective condition in the roadway pavement. There was no direct evidence of actual notice of the condition nor as to how long the condition of the pavement had existed before the accident occurred. However, there were received in evidence, on behalf of the plaintiffs, photographs of the area which had been taken approximately three weeks after the incident. Rose Horowitz (Rose), who was walking with Beverly at the time of the incident, testified that the area where Beverly had fallen was very bumpy, and that there was a two- to three-inch depression near Beverly's feet where she fell. Rose identified one of the photographs as fairly and accurately representing the area where Beverly had fallen.

As part of plaintiffs' case, plaintiffs' counsel read the transcript of the deposition of the senior custodian of the vaults and records of the Department of Highways of the City of New York. There was no record of any complaint and no record of work being done in the roadway at the accident site by the city or any other entity.

At the conclusion of plaintiffs' proof, the Trial Judge granted defendant's motion to dismiss the complaint on the ground that plaintiffs had failed to prove a prima facie case of actual or constructive notice of the alleged defect. The "pothole law" was not in effect at the time of the accident.

It has long been settled that photographs may be used to prove constructive notice of an alleged defect shown in the photographs, if they are taken reasonably close to the time of the accident, and there is testimony that the condition at the time of the accident was substantially as shown in the photograph (*Batton v Elghanayan,* 43 NY2d 898; *see, Blake v City of Albany,* 48 NY2d 875; *Taylor v New York City Tr. Auth.,* 48 NY2d 903). As those cases hold, a jury could infer from the irregularity, width, depth and appearance of the defect apparent upon the surface of the pavement exhibited in the photographs that the condition must have come into existence over such a length of

time that knowledge of such condition should have been acquired by the defendant in the exercise of reasonable care. The photographs sufficiently demonstrated constructive notice of the defect to create a jury issue.

■ An examination of the photographs in this case, showing the irregular manner in which the crosswalk line was painted, sufficiently indicates that the roadway was in some manner defectively repaved or repaired sometime prior to the accident. The condition shown does not appear to be of a type that could have been caused suddenly by either heavy traffic, heavy equipment or weather conditions. It is readily apparent that this was not a suddenly created condition, or so a jury could find. A prima facie case of notice and negligence was made out.

There was sufficient evidence for submission to the jury. The dismissal of the complaint at the conclusion of the plaintiffs' case was contrary to law.

■ Since there cannot be two judgments dismissing a complaint in one case, the judgment entered May 15, 1984 should be vacated as superfluous.

·The judgment, Supreme Court, New York County, entered after completion of plaintiffs' case (Guy A. Graves, J., and a jury) on May 16, 1984 dismissing plaintiffs' complaint upon the trial court's dismissal at the conclusion of their case, should be reversed, on the law, without costs, and the action remanded for a new trial.

KUPFERMAN, J. P., SULLIVAN, MILONAS and ELLERIN, JJ., concur.

Judgment, Supreme Court, New York County, entered on May 16, 1984, unanimously reversed, on the law, and the action remanded for a new trial, without costs and without disbursements. The judgment of said court entered on May 15, 1984, is unanimously vacated as superfluous.