■ JOSEPH FERLITO, Appellant, v GREAT SOUTH BAY ASSOCIATES, Respondent.

The plaintiff allegedly injured his foot when it made contact with a broken portion of the curb at the shopping center owned by the defendant. He returned to the scene several days later and inspected a gouge in the curb. He testified that its sides and ends were not sharp. Approximately 2 to 3 weeks following the accident, he returned once again and photographs were taken in his presence. The plaintiff introduced the photographs into evidence at the trial.

To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit a defendant or his employee to discover and remedy it (Gordon v American Museum of Natural History, 67 NY2d 836). Photographs may be used to prove

constructive notice of an alleged defect shown in the photographs if they are taken reasonably close to the time of the accident and there is testimony that the condition at the time of the accident was substantially as shown in the photographs *(Karten v City of New York,* 109 AD2d 126). The jury could infer from the irregularity, width, depth and appearance of the defect apparent in the concrete surface exhibited in the photographs that the condition had to have come into being over such a length of time that knowledge thereof should have been acquired by the defendant *(see, Taylor v New York City Tr. Auth.,* 48 NY2d 903; *Blake v City of Albany,* 48 NY2d 875).

A plaintiff is entitled to the benefits of the most favorable inferences which can reasonably be drawn from the evidence *(Nicholas v Reason,* 84 AD2d 915). It is only when there is a complete lack of any evidence that a defendant is entitled to dismissal of the complaint *(Lander v Nacri,* 130 AD2d 628).

In view of the above disposition, we need not consider the plaintiff's remaining contentions. Brown, J. P., Weinstein, Spatt and Balletta, JJ., concur.