■ MARGARET F. DAVIS, Respondent, v COUNTY OF NASSAU, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Nassau County (Ain, J.), dated October 24, 1988, which, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $42,000.

Ordered that the judgment is affirmed, with costs.

The plaintiff commenced the instant action to recover damages for personal injuries she sustained when she fell on a park path in Wantagh Park, a facility owned and operated by the defendant County of Nassau. The plaintiff's fall was allegedly caused by a depression in the grass located near the edge of the paved walkway. Concededly, the county had not received prior written notice of the allegedly defective walkway. The trial court found, however, that Nassau County Administrative Code former § 12-4.0 (e), which required written notice to be given to the county in order to maintain a civil action for damages or injuries sustained in relation to any "sidewalk, curb or gutter", was not applicable since the incident did not involve a sidewalk, curb or gutter. Ultimately, the jury found the county 70% at fault in the happening of the accident, and the plaintiff 30% at fault.

On appeal, the county contends that the trial court erred in concluding that Nassau County Administrative Code § 12-4.0 (e), as amended, is not applicable. We agree with the trial court. According to the plain language of the ordinance as it existed at the time of the accident in 1982, prior written notice of a defective condition was required only for accidents involving a "sidewalk, curb or gutter". A path in a park does not fall within the definitions of these terms. It should be noted that this ordinance was amended in 1983 and 1984 by expanding the locations of accidents to include: "any sidewalk, street, highway, parking field, stairway, walkway, ramp, driveway, bridge, culvert, curb or gutter" (Nassau County Administrative Code § 12-4.0 [e]). However, given the terms of the ordinance as it existed at the time of the accident, no prior written notice of the defective condition of the park path was required for the plaintiff to maintain this action.

The county also argues that the plaintiff failed to prove that

the defect existed long enough to establish that the county had constructive notice of it. Specifically, the county contends that the photographs of the path, which were introduced in evidence at the trial, were not sufficient to prove that the defect existed for a significant period of time, since the defect was in a malleable substance such as soil and grass as opposed to a durable surface such as concrete. We find this contention to be without merit.

It is well settled that "[p]hotographs may be used to prove constructive notice of an alleged defect shown in the photographs if they are taken reasonably close to the time of the accident and there is testimony that the condition at the time of the accident was substantially as shown in the photographs" (Ferlito v Great S. Bay Assocs., 140 AD2d 408, 409, citing Karten v City of New York, 109 AD2d 126). At bar, the plaintiff and her daughter testified that these photographs were taken the day after the accident and that the photographs fairly and accurately depicted the appearance of the area where the plaintiff fell. As such, the photographs were properly received into evidence. Based on the trial evidence the jury could have reasonably concluded that the defect existed for a sufficient period of time to impute constructive knowledge to the county.

We further find that the jury's apportionment of liability was not contrary to the weight of the evidence. The jury's findings that the plaintiff was 30% at fault for not being attentive to where she was walking and that the county was 70% at fault for allowing a potentially dangerous condition to exist for a substantial period of time were based on a fair interpretation of the evidence adduced at the trial (see, Nicastro v Park, 113 AD2d 129). Kunzeman, J. P., Eiber, Sullivan and Rosenblatt, JJ., concur.