■ Gary Kniffin, Appellant, v Thruway Food Markets, Inc., Respondent.—Weiss, J. P. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Peter Patsalos, J.), entered July 6, 1990 in Orange County, upon a dismissal of the complaint at the close of the evidence.

The sole issue in this appeal is whether photographs depicting a hole in the pavement of a supermarket parking lot taken two days after plaintiff sustained injuries in a fall are sufficient to establish that the owner of the property had constructive notice of the defect. At the close of testimony in this trial bifurcated on the issue of negligence, Supreme Court dismissed the complaint holding that plaintiff had failed to establish a prima facie case by proving that defendant had either actual or constructive notice.

Plaintiff had exited defendant's supermarket pushing a shopping cart containing groceries and was placing the bags into his automobile when the cart began to roll away. He testified that he "started walking fast after the cart * * * [his] leg caught and [he] fell". While lying on the pavement plaintiff claims he saw a hole "about two inches deep and like a foot wide and maybe, at the most, two foot *[sic]* long". At the time of the accident he did not mention the hole to either the store manager or the police. A friend who retrieved plaintiff's

car and noticed the hole showed it to plaintiff's attorney two days later. She testified that the photographs admitted into evidence fairly and accurately depicted the hole which plaintiff had described as the cause of his accident.

In order to establish a prima facie case of negligence of a landowner in a fall down accident, a plaintiff must establish either actual or constructive notice of the condition which caused the fall; this requires either proof that the defendant created the condition or that there was a reasonable opportunity to remedy the alleged defective condition *(Torri v Big V, 147 AD2d 743, 744; see, Putnam v Stout, 38 NY2d 607)*. The failure of a plaintiff to present evidence upon which a jury could infer that the defendant had actual or constructive notice of a defective condition generally requires " 'dismissal of the complaint at the close of the plaintiff's case' " *(Newman v Great Atl. & Pac. Tea Co.,* 100 AD2d 538, *appeal dismissed* 62 NY2d 942, quoting *Torregrossa v Bohack Corp.,* 81 AD2d 884, 885).

It has long been settled that photographs may be used to prove constructive notice of an alleged defect shown in the photographs if they were taken reasonably close to the time of the accident and there is testimony that the condition at the time of the accident was substantially as shown in the photographs *(see, Taylor v New York City Tr. Auth.,* 48 NY2d 903; *Batton v Elghanayan,* 43 NY2d 898; *Davis v County of Nassau,* 166 AD2d 498; *Ferlito v Great S. Bay Assocs.,* 140 AD2d 408; *Karten v City of New York,* 109 AD2d 126). As recently as May 28, 1991 the Second Department, in a case with a strikingly similar fact pattern, reversed an order dismissing the complaint alleging injuries sustained in a fall down in a supermarket parking lot, holding that "[p]hotographs which accurately depict the area in which the plaintiff fell may be adequate for a trier of fact to infer that a defendant had constructive notice of the alleged defect" *(Farrar v Teicholz,* 173 AD2d 674, 676). We find no reason to depart from the holding of these cases.

Mikoll, Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, complaint reinstated and matter remitted to the Supreme Court for a new trial.