■ PHILIP PORTER, JR., Respondent, v UNIROYAL GOODRICH TIRE COMPANY, Appellant. [638 NYS2d 702] —In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Posner, J.), dated July 11, 1994, as denied its motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

According to the plaintiff, he purchased two "brand new Uniroyal Tiger Paw steel belted radial tires" on September 16, 1988. About three weeks later, on October 7, 1988, one of these tires "blew out" as the plaintiff was driving his car in a funeral procession on the Belt Parkway in Brooklyn, at a speed of about 45 miles per hour. The plaintiff now seeks compensation for the injuries suffered in the ensuing collision.

The defendant's motion for summary judgment was primarily based on the fact that the "plaintiff cannot show that [the tire in question] was defective". This is so because, according to defense counsel, "the tire * * * was never examined by an expert and, consequently, [the] plaintiff is unable to prove a *prima facie* case". We agree with the Supreme Court that summary judgment is not warranted.

Uniroyal was not entitled to an award of summary judgment in its favor based solely on deficiencies in the plaintiff's proof. Uniroyal had the burden, in the first instance, of submitting evidence sufficient to disprove the allegations of the complaint regarding the defective nature of the tire which experienced the apparent blow-out. "In the present case * * * [Uniroyal] itself never submitted evidence constituting a prima facie showing that, as a matter of law, the [tire] in question was not defective at the time it left [Uniroyal's] hands" *(Narciso v Ford Motor Co.,* 137 AD2d 508; *see also, Johnson v Michelin Tire Corp.,* 110 AD2d 824; *Coley v Michelin Tire Corp.,* 99 AD2d 795; *Yager v Arlen Realty & Dev. Corp.,* 95 AD2d 853). Even if we assume that Uniroyal had met its burden in this respect, we also find that the plaintiff submitted evidence tending to prove various circumstances, in addition to the mere occurrence of the blow-out, which support an inference that the tire was indeed defective, so as to have demonstrated the existence of a triable issue of fact. Bracken, J. P., Balletta, Thompson and Hart, JJ., concur.