■ NANCY HECKER, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [665 NYS2d 660] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered on or about May 20, 1996, which, to the extent appealed from as limited by plaintiff's brief, granted defendant's motion for summary judgment and dismissed the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiff sustained injuries after she slipped in the stairway of her building, which is owned by defendant. She was taken to the hospital, where she remained for two weeks. Upon her release, she returned to the site of the accident and noticed a large chip missing from one of the steps in the area where she fell. At her General Municipal Law § 50-h hearing and deposition, plaintiff testified that the chip in the stair must have been the cause of her fall, since she held the banister while walking and was neither rushing nor walking in a haphazard manner when she fell. The IAS Court granted defendant's motion for summary judgment, rejecting plaintiff's claim that her testimony created triable issues of fact on the questions of causation and constructive notice.

We reverse and deny summary judgment. Plaintiff's testimony that she slipped on the stairs between the second and third floors of defendant's building, and returned soon after and noticed a large chip missing from one of the steps, is sufficient evidence from which a jury could reasonably infer that the chipped step was a substantial cause in plaintiff's fall and resulting injuries (*Mazzella v Bronze Plumbing & Heating Corp.*, 194 AD2d 327; *Farrar v Teicholz*, 173 AD2d 674, 676). Further, her description of the defect as a five-inch wide and three-inch deep "big chip" created an inference that the condition came into being over a sufficient period of time such that defendant should have acquired knowledge thereof and corrected it (*see, Taylor v New York City Tr. Auth.*, 48 NY2d 903,

904; *Blake v City of Albany*, 48 NY2d 875, 877-878; *Batton v Elghanayan*, 43 NY2d 898, 900; *Farrar v Teicholz, supra*; *Ferlito v Great S. Bay Assocs.*, 140 AD2d 408, 408-409; *Karten v City of New York*, 109 AD2d 126, 127-128; *see generally*, *Gordon v American Museum of Natural History*, 67 NY2d 836). Concur—Nardelli, J. P., Mazzarelli, Andrias and Colabella, JJ.