■ DALE MITCHELL, Respondent, v FIORINI LANDSCAPE, INC., et al., Appellants. [678 NYS2d 341] —In an action to recover damages for personal injuries, the defendant Laro Maintenance Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Ain, J.), entered October 6, 1997, as denied its motion for summary judgment dismissing the complaint and the cross claim insofar as asserted against it, and the defendant Fiorini Landscape, Inc., separately appeals from the same order.

Ordered that the appeal by the defendant Fiorini Landscape, Inc., is dismissed for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant Laro Maintenance Corporation; and it is further,

Ordered that the plaintiff is awarded one bill of costs payable by the defendant Laro Maintenance Corporation.

On March 14, 1993, the plaintiff slipped and fell while walking in his employer's parking lot. His employer had previously entered into a wide-ranging maintenance contract with the defendant Laro Maintenance Corporation (hereinafter Laro) for, among other things, snow plowing and salting whenever there was an accumulated snowfall in excess of two inches. Laro subcontracted the snow plowing and salting portion of its

duties to the defendant Fiorini Maintenance Corporation (hereinafter Fiorini). It was undisputed that on the day prior to the plaintiff's fall, nine inches of snow had fallen and that Fiorini had plowed the parking lot at some point prior to the plaintiff's fall. During his examination before trial, the plaintiff testified that the accumulated snow in the parking lot was approximately four to five inches deep near where he fell. The plaintiff alleged that he fell because the defendants negligently plowed the parking lot. While the defendants contend that they were not negligent, they failed to provide any information relating to, *inter alia*, how the lot was plowed and the condition of the lot after plowing. Viewing the evidence in the light most favorable to the plaintiff (*see, Forte v Franklin Gen. Hosp.,* 185 AD2d 914) and resolving all reasonable inferences in the plaintiff's favor (*Marine Midland Bank v Dino & Artie's Automatic Transmission Co.,* 168 AD2d 610), on this record, we find that there is an issue of fact as to whether the plaintiff's fall and subsequent injuries were the result of negligent snow plowing.

Laro's remaining contention is without merit (*see, Palka v Servicemaster Mgt. Sys. Servs. Corp.,* 83 NY2d 579). Sullivan, J. P., Altman, Friedmann and McGinity, JJ., concur.