■ VIOLA STEWART, Respondent, v METROPOLITAN LIFE INSURANCE COMPANY, Appellant and Third-Party Plaintiff-Respondent. NATIONAL CLEANING CONTRACTORS, Now Known

as ISS Cleaning Service Group, Inc., Third-Party Defendant-Appellant. [684 NYS2d 538] —Orders, Supreme Court, New York County (Lorraine Miller, J.), entered on or about June 25, 1998 and July 31, 1998, respectively, which, *inter alia*, denied the motions of defendant Metropolitan Life Insurance Company and third-party defendant ISS Cleaning Service Group, Inc. for summary judgment dismissing the complaint and third-party complaint, unanimously affirmed, without costs.

The proof presented by plaintiff in response to defendant's summary judgment motion, including her own testimony and the affidavit of her expert, was sufficient to raise a triable issue as to whether the alleged deficiencies in the cobblestoned area upon which she claims to have tripped and injured herself constituted a hazard (*see, Hecker v New York City Hous. Auth.*, 245 AD2d 131; *cf., Trincere v County of Suffolk*, 90 NY2d 976), and as to whether such hazard as there was existed for a sufficient length of time to justify the imputation of constructive knowledge of its existence to defendant landlord (*see, Farrar v Teicholz*, 173 AD2d 674). Contrary to third-party defendant's argument, the third-party complaint sounding in contractual indemnification was not otherwise dismissible absent evidence controverting the allegations of the third-party complaint (*see, Porter v Uniroyal Goodrich Tire Co.*, 224 AD2d 674). Concur—Rosenberger, J. P., Williams, Lerner and Rubin, JJ.