■ SOUTH LIBERTY REALTY CORPORATION, Respondent, v GARY MERCURY et al., Appellants. [739 NYS2d 579] —In an action to recover damages for breach of contract, the defendants ap-

peal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated June 26, 1998, as granted the plaintiff's motion for leave to reargue, and, upon reargument, (1), in effect, denied their motion for summary judgment and reinstated the complaint, and (2) granted partial summary judgment to the plaintiff to the extent of dismissing their affirmative defenses of the statute of frauds and the statute of limitations.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in granting the plaintiff's motion for leave to reargue (cf., Foley v Roche, 68 AD2d 558, 567-568; CPLR 2221).

We agree that the plaintiff is not barred by the statute of frauds from proving an oral modification to the parties' purchase agreement by operation of, inter alia, the doctrine of partial performance. Contrary to the defendants' contentions, the plaintiff's acts were unequivocally referable to the modification (see, Rose v Spa Realty Assoc., 42 NY2d 338, 343-344, 345). In particular, we note that the deferral of payment of $150,000 of the purchase price at closing of title can only be explained by reference to the oral agreement to modify, and is not compatible with any provision of the written agreement (see, Anostario v Vicinanzo, 59 NY2d 662, 664; Taylor v Blaylock & Partners, 240 AD2d 289, 290). Of course, it remains to be determined upon trial whether the defendants' duty to make this payment has yet arisen.

The defendants' remaining contentions do not warrant any relief herein. Feuerstein, J.P., Krausman, Schmidt and Cozier, JJ., concur.