■ PAUL DEGIACOMO, JR., et al., Appellants, v WESTCHESTER COUNTY HEALTHCARE CORPORATION et al., Respondents. [743 NYS2d 548] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Colabella, J.), entered April 25, 2001, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiffs commenced the instant action after the infant plaintiff, Paul DeGiacomo, Jr., was injured when he tripped and fell on a dirt hole on the grounds of the defendant Westchester County Healthcare Corporation, which were maintained by the defendant County of Westchester. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint. We reverse.

To constitute constructive notice, a defect must be visible and apparent, and must exist for a sufficient length of time before the accident so as to permit the defendant's employees to discover and remedy it (*see Gordon v American Museum of Natural History,* 67 NY2d 836). It is well settled that photographs may be used to prove constructive notice of an alleged defect shown in the photographs if they are taken reasonably close to the time of the accident, and if there is testimony that the condition at the time of the accident was similar to the condition shown in the photographs (*see Batton v Elghanayan,* 43 NY2d 898; *Zavaro v Westbury Prop. Inv. Co.,* 244 AD2d 547; *Kniffin v Thruway Food Mkts.,* 177 AD2d 920; *Davis v County of Nassau,* 166 AD2d 498).

After the defendants made out a prima facie case for summary judgment, the plaintiffs raised a triable issue of fact by submitting 14 photographs and deposition testimony relating to the admissibility of the photographs. A jury could infer from the irregularity, width, depth, and appearance of the hole as exhibited in the photographs that the condition must have come into being over such a length of time that knowledge thereof should have been acquired by the defendants in the exercise of reasonable care (*see Taylor v New York City Tr. Auth.,* 48 NY2d 903; *Farrar v Teicholz,* 173 AD2d 674; *Ferlito v Great S. Bay Assoc.,* 140 AD2d 408). Accordingly, the defendants' motion should have been denied. Prudenti, P.J., O'Brien, Friedmann and McGinity, JJ., concur.