■ LEONIE LEVENTHAL, Appellant, v FOREST HILLS GARDENS CORP., Respondent. [764 NYS2d 125] —In an action to recover

damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Risi, J.), entered August 5, 2002, which, upon a jury verdict, is in favor of the defendant and against her dismissing the complaint.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

In this action, an important factual question on the issue of the defendant's liability was whether the defendant had constructive notice of an alleged defect that the plaintiff claims caused her fall *(see Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]). To support her claim, the plaintiff sought to introduce in evidence four photographs of the accident site. The trial court admitted in evidence one photograph constituting a general overview of the area but excluded from evidence three more specific photographs showing the accident site in greater detail. This was reversible error.

The plaintiff properly authenticated the three excluded photographs of the accident site as fair and accurate depictions of the area at the time she fell *(cf. People v Byrnes,* 33 NY2d 343, 347 [1974]). These photographs may have allowed the jury to infer, based upon the appearance of the defect, that the condition had to have come into being over such a length of time that knowledge thereof should have been acquired by the defendant in the exercise of reasonable care *(see Taylor v New York City Tr. Auth.,* 48 NY2d 903, 904 [1979]). Under the circumstances, the excluded photographs were not cumulative *(cf. Segnit v Stuhr Gardens Hous. Dev. Fund Co.,* 227 AD2d 612 [1996]; *Tannen v Long Is. R.R.,* 215 AD2d 745 [1995]). Santucci, J.P., McGinity, Townes and Mastro, JJ., concur.