In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Joseph, J.), entered July 26, 2002, which granted the plaintiffs motion for leave to reargue, and upon reargument, vacated an order of the same court dated March 25, 2002, granting her motion for summary judgment dismissing the complaint and denied that motion.
Ordered that the order is modified, on the law, by deleting the *413 provision thereof which, upon reargument, denied the motion for summary judgment and substituting therefor a provision adhering to the original determination granting the motion; as so modified, the order is affirmed, with costs to the defendant.
On June 26, 2000, the plaintiff tripped and fell over a piece of carpeting that had been placed in front of the door to his rented room for use as a doormat or runner. The runner was a remnant cut from carpeting which had been installed in the hallway of the premises before the plaintiff moved in, and was not secured to the carpet underneath. Following his accident, the plaintiff commenced this action against his landlord, alleging that the unsecured carpet remnant constituted a dangerous condition which she had negligently created. Although the Supreme Court initially granted the defendant’s motion for summary judgment dismissing the complaint, the court subsequently granted the plaintiffs motion for leave to reargue, and, upon reargument, denied the motion for summary judgment.
Initially, we note that the Supreme Court providently exercised its discretion in granting the plaintiffs motion for leave to reargue, since it apparently misapprehended certain facts in arriving at its earlier determination (see Matter of HoeyKennedy v Kennedy, 294 AD2d 573 [2002]; South Liberty Realty Corp. v Mercury, 292 AD2d 516 [2002]). However, upon reargument, the court should have adhered to its original determination granting the defendant’s motion for summary judgment. The defendant established her entitlement to judgment as a matter of law by demonstrating that placing the carpet remnant on top of the carpeted floor did not constitute an inherently dangerous condition. In opposition, the plaintiff failed to come forward with evidentiary proof to raise a triable issue of fact (see Cupo v Karfunkel, 1 AD3d 48 [2003]; Schoen v King Kullen Grocery Co., 296 AD2d 486 [2002] Gibbons v Lido & Point Lookout Fire Dist., 293 AD2d 646 [2002]; Tresgallo v Danica, 286 AD2d 326 [2001]; Portanova v Trump Taj Mahal Assoc., 270 AD2d 757 [2000]; cf. Napolitano v Dhingra, 249 AD2d 523 [1998]; Ashton v Bobruitsky, 214 AD2d 630 [1995]). Santucci, J.E, Krausman, Schmidt and Townes, JJ., concur.