In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Baisley, J.), dated January 18, 2002, which granted the defendant’s motion for summary judgment dismissing the complaint. Justice Friedmann has been substituted for the late Justice O’Brien (see 22 NYCRR 670.1 [c]).
Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.
The plaintiff Antoinette DeGruccio (hereinafter the plaintiff) tripped and fell in a pothole-type defect in the parking lot of a small shopping center that had been purchased by the defendant, 863 Jericho Turnpike Corp., about one month earlier. The plaintiff stated that she parked her car in a spot perpendicular to a bagel store in the small strip mall, purchased some items at that store, and was returning to her vehicle when the incident occurred. She had just stepped off the curb, and she had moved *473 only one or two steps forward, when her foot went into the pothole and she fell. The plaintiff claims that prior to her fall she did not observe the pothole, which she estimates to have been about three feet in diameter and four inches deep.
The Supreme Court erred in granting the motion for summary judgment dismissing the complaint on the ground that the plaintiff failed to set forth a prima facie case that the defendant had constructive notice of the defect. “To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit a defendant’s employees to discover and remedy it” (Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]). Photographs may be used to prove constructive notice if they were taken close in time to the accident and if there is testimony that the conditions depicted in the photographs are substantially the same as those that existed on the day of the accident (see Batton v Elghanayan, 43 NY2d 898 [1978]; DeGiacomo v Westchester County Healthcare Corp., 295 AD2d 395 [2002]).
After the defendant made out a prima facie case for summary judgment on the issue of notice, the plaintiff raised a triable question of fact on. the issue of constructive notice by submitting photographs, supported by deposition testimony, from which a jury could infer that the pothole existed for a sufficient period of time for it to have been discovered and remedied by the defendant (see Batton v Elghanayan, supra; see also Taylor v New York City Tr. Auth., 48 NY2d 903 [1979]).
Furthermore, contrary to the defendant’s contention, the fact that this defect might have been open and obvious does not negate the defendant’s duty to maintain its premises in a reasonably safe condition, but rather raises an issue of fact concerning the plaintiffs comparative negligence (see Cupo v Karfunkel, 1 AD3d 48 [2003]; Chambers v Maury Povich Show, 285 AD2d 440 [2001]; Morgan v Genrich, 239 AD2d 919 [1997]). Altman, J.P, Florio, Friedmann and H. Miller, JJ., concur.