Wietschner v Hallen Constr. Co., Inc. (2003 NY Slip Op 51511(U))

[*1]

Wietschner v Hallen Constr. Co., Inc.

2003 NY Slip Op 51511(U)

Decided on December 19, 2003

Supreme Court, Kings County, 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 19, 2003

Supreme Court, Kings County, 
 Anna Wietschner, Plaintiff,
against
Hallen Construction Co., Inc., Keyspan Energy Delivery of NYC. and The City of New York, Defendants.
Index No. 97/02

JOSEPH F. BRUNO, J.
This is a motion for summary judgement brought on behalf of defendants Hallen Construction Co. Inc ("Hallen") and Keyspan Energy Delivery of NY, Inc. ("Keyspan"). The motion is denied.
On March 27, 2001, 84 year old plaintiff contends she tripped and fell on a metal plate(s) placed on the sidewalk by defendants to cover ongoing construction at the site. Plaintiff describes the plates in her deposition as two 8 foot by 4 foot metal plates set end to end on the sidewalk in front of 915 East 7th Street, Brooklyn, New York. (Photos attached to the moving papers confirm this description.)
Plaintiff concedes that she saw these plates on the date of accident from a "far" distance as she proceeded to her home (Plaintiff's EBT at page 29). Plaintiff makes no claim of obstructed view. Plaintiff notes that she simply tripped over the edge of the plate as she attempted to traverse the area. Plaintiff contends in her deposition that there was no "tar" placed along the edge of the plate to act as a beveling agent (Plaintiff's EBT at pages 23, 24, 31, 32, 36). Plaintiff further contends in her deposition that the photos which were presented to her to identify, showed "tar" used to bevel the edges of the plate. The deposition of Robert Rivera, the superintendent at 915 East 7th Street, the site of the accident and plaintiff's residence, contains reference that he advised construction workers at the site at or about the time of the accident that plaintiff had fallen over the edge of one of their metal plates and that no beveling material was used on the edges of the plates.
The recent case of Cupo v Karfunkel, 767 NYS2d 40; NYAD 2d Dept. October 23, 2003, affirming this court's decision, establishes the standard in the Second Department related to an open and obvious conditions on property. The Court held:

Our decisions have been inconsistent . . . as to whether proof that a dangerous condition is open [*2]and obvious precludes a finding of liability against a landowner or instead is merely relevant to the issue of the plaintiff's comparative negligence.
* * * *

Where a plaintiff has presented evidence that a dangerous condition exists on the property, the burden shifts to the landowner to demonstrate that he or she exercised reasonable care under the circumstances to remedy the condition and to make the property safe, based on such factors as the likelihood of injury to those entering the property and the burden of avoiding the risk. Evidence that the dangerous condition was open and obvious cannot relieve the landowner of this burden.
* * * *

We . . . hold that proof that a dangerous condition is open and obvious does not preclude a finding of liability against a landowner for the failure to maintain the property in a safe condition but is relevant to the issue of the plaintiff's comparative negligence.
In the case at bar, it cannot be argued that the plates were anything but open and obvious and indeed, this court finds such, as a matter of law. However, the question remains: "Were these plates on this sidewalk a dangerous condition, based on the likelihood of injury to those entering upon the property?" The court in Cupo gives us some limited advice on the answer to this question, as follows:

We do not suggest that a court is precluded from granting summary judgment to a landowner on the ground that the condition complained of by the plaintiff was both open and obvious and, as a matter of law, was not inherently dangerous . . .
The court then provided some examples where it found the condition to not be inherently dangerous, to wit, cement parking block on the floor of a firehouse; concrete parking divider; forklift in a marked stall in a parking lot; sink vanity on the floor of a Home Depot store. (See also, Mansueto v Worster, 766 NYS2d 691, 2003 NY Slip Opinion 18205 (November 10, 2003) where the presence of a carpet remnant on top of a carpeted floor was found to not be an inherently dangerous condition.)
[*3]
In an analogous case decided just days after Cupo, the court in Tulovic v Chase Manhattan Bank, 309 AD2d 923 (2d Dept. 2003) held that a plaintiff's trip over exposed rebars on a renovation site while open and obvious did not lend itself to summary judgment in favor of the landowner. The court held:

The rule recognizes that a party may be liable for injuries caused by open and obvious conditions when they are dangerous and the landowner breached its general duty of care to maintain its premises in a reasonably safe condition. . . . It absolves landowners, inter alia, from liability for injuries sustained by inattentive plaintiffs who trip over naturally occurring topographical conditions, as these plaintiffs can be said to have only themselves to blame; their negligence was the sole causative fact.
(See, Cucuzza v City of New York, 2003 WL 22872042 (NYAD 2d Dept, December 1, 2003) where the court noted the open and obvious nature of a pothole defect but left the issue of plaintiff's failure to avoid the condition to a determination of comparative fault, if any; see also DeGruccio v 863 Jericho Turnpike Corp., 767 NYS2d 274 (2d Dept. November 17, 2003)).
In the case at bar, this court cannot find, as a matter of law, that the placement of a heavy metal plate in front of an apartment complex , which plate rises approximately three inches above the sidewalk level without any beveling material to blunt any trip hazard (see Rivera EBT at page 10), is not an inherently dangerous condition. Thus, the open and obvious nature of the defect goes to the issue of comparative negligence and does not mandate summary judgment in favor of defendants.
This is the decision and order of the court.
E N T E R
J. S. C.
Decision Date: December 19, 2003