■ Mary Brandes, Appellant, v Incorporated Village of Lindenhurst, Defendant, and Dellafranca and Hesse Realty Corporation, Respondent. [777 NYS2d 720]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Klein, J.), dated June 23, 2003, as granted the motion of the defendant Dellafranca and Hesse Realty Corporation for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

On April 1, 2000, the plaintiff tripped and fell over the irregular, mud-covered surface of the public sidewalk adjacent to 317 South Wellwood Avenue in the Incorporated Village of Lindenhurst. The plaintiff brought this action against, inter alia, the defendant Dellafranca and Hesse Realty Corporation (hereinafter the defendant), the owner of the abutting property. The plaintiff alleged that as a result of the negligence of the defendant in the maintenance, care, and management of the property, the sidewalk was in a defective condition which caused her to trip, fall, and sustain personal injuries.

A landowner is not liable to a pedestrian injured by a defect in a public sidewalk abutting its premises unless the landowner (1) affirmatively created the defective condition, (2) negligently made repairs thereto, (3) created the defect through special use, or (4) violated a statute or ordinance which expressly imposes liability on it for failure to maintain and repair the sidewalk (*see Hausser v Giunta,* 88 NY2d 449, 452-453 [1996]; *Devine v City of New York,* 300 AD2d 532 [2002]).

The defendant demonstrated its prima facie entitlement to summary judgment dismissing the complaint insofar as asserted against it based upon the affidavit of its president, Vincent Dellafranca, who averred, inter alia, that he did not observe any defects or conditions that he "believed required repairing" and that the defendant did not make special use of the sidewalk or change its condition (*see Devine v City of New York, supra; Tiano v Nick's Lobster & Seafood Rest. & Clam Bar,* 300 AD2d 469

[2002]). The burden then shifted to the plaintiff to produce sufficient evidentiary proof in admissible form to raise a triable issue of fact (*see Palone v City of New York,* 5 AD3d 750 [2004]).

Viewing the photographs submitted by the plaintiff together with the deposition testimony of the parties in the light most favorable to the plaintiff and resolving all reasonable inferences in her favor, as we must (*see Mitchell v Fiorini Landscape,* 253 AD2d 860 [1998]), we cannot say that it would be unreasonable for a jury to infer, from a comparison of the condition of the sidewalk at the scene of the incident to the condition of the remainder of sidewalk, and to the preconstruction condition described by Mr. Dellafranca as mere stress fractures, that the defendant's construction vehicles created the defect (*see Batton v Elghanayan,* 43 NY2d 898, 899 [1978]; *Taylor v New York City Tr. Auth.,* 48 NY2d 903, 904 [1979]; *DeGiacomo v Westchester County Healthcare Corp.,* 295 AD2d 395 [2002]; *Zavaro v Westbury Prop. Inv. Co.,* 244 AD2d 547 [1997]; *Farrar v Teicholz,* 173 AD2d 674 [1991]; *see also Degnan v City of New York,* 224 App Div 357 [1928]). These factual issues are for the trier of fact to resolve. Accordingly, the motion for summary judgment should have been denied.

The defendant's remaining contentions addressing the size and nature of the defect (*see Trincere v County of Suffolk,* 90 NY2d 976 [1997]; *Corrado v City of New York,* 6 AD3d 380 [2004]), and the plaintiff's observation of the defect immediately before her accident (*see Cupo v Karfunkel,* 1 AD3d 48 [2003]; *Tulovic v Chase Manhattan Bank,* 309 AD2d 923 [2003]), are similarly unavailing. Altman, J.P., H. Miller, Goldstein and Skelos, JJ., concur.