■ BARBARA PETERSON, Appellant, v TREECO PLAINVIEW, LTD., et al., Respondents. [780 NYS2d 166]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), entered August 20, 2003, as granted that branch of the motion of the defendant Food Parade, Inc., doing·business as Shoprite, which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Food Parade, Inc., doing business as Shoprite, is denied, and the complaint insofar as asserted against that defendant is reinstated.

Under the circumstances, the defendant Food Parade, Inc., doing business as Shoprite (hereinafter the defendant), failed to meet its burden of establishing prima facie that it had no control over the parking lot at the time of the accident, and that it neither created nor had actual or constructive notice of the alleged defect that caused the plaintiff to fall (*see DeGruccio v 863 Jericho Turnpike Corp.,* 1 AD3d 472 [2003]; *DeGiacomo v Westchester County Healthcare Corp.,* 295 AD2d 395 [2002]; *Smalls v New York City Hous. Auth. Tenants Assn. of Woodside,* 276 AD2d 619 [2000]; *cf. Welwood v Association for Children with Down Syndrome,* 248 AD2d 707 [1998]).

The defendant's remaining contentions are without merit. Altman, J.P., H. Miller, Townes and Fisher, JJ., concur.