■ FRIDA MUNIZ, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [816 NYS2d 561]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Jacobson, J.), dated July 19, 2004, which, upon a jury verdict, is in favor of the plaintiff and against it.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

We agree with the defendant's contention that the jury verdict that the plaintiff was negligent when she descended the defendant's subway stairs and tripped and fell, but that her negligence was not a proximate cause of the accident, is inconsistent. Under the facts of this case, the issues of negligence and proximate cause are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause (*see Perez v Audubon at 186th St.,* 1 AD3d 492 [2003]; *Bennett v City of New York,* 303 AD2d 614 [2003]).

Moreover, although "[p]hotographs may be used to prove constructive notice of an alleged defect shown in the photographs if they are taken reasonably close to the time of the accident and there is testimony that the condition at the time of the accident was substantially as shown in the photographs" (*Rivera v New York City Tr. Auth.,* 22 AD3d 554, 555 [2005], quoting *Ferlito v Great S. Bay Assoc.,* 140 AD2d 408, 408-409 [1988]), the defendant correctly contends that on this record the plaintiff's proof was insufficient to demonstrate the existence of constructive notice (*cf. Taylor v New York City Tr. Auth.,* 48 NY2d 903 [1979]; *DeGiacomo v Westchester County Healthcare Corp.,* 295 AD2d 395 [2002]; *Ferlito v Great S. Bay Assoc., supra*). The plaintiff offered a series of photographs of the allegedly defective step on which she claimed to have fallen and testimony that these photographs were taken 12 days after the accident and accurately depicted the condition as of the date of the accident. The photographs in question demonstrated the existence of an area where a piece of the concrete surface of a step was broken off at its edge (i.e., where it met the top of the riser). The area of the step where the piece of concrete was missing showed a reddish-colored material underneath the concrete surface. At trial, the plaintiff attempted to establish that the reddish color was rust and that the presence of rust would support an inference of the existence of a defect for a sufficient length of time before the accident to support an inference of constructive notice (*see Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]). However, in view of (a) the nature of the alleged defect—a missing piece of concrete clearly broken rather than worn away from a step (*cf. Gray v New York City Tr. Auth.,* 12 AD3d 638 [2004])—and (b) the absence of expert or other competent proof that rust rather than some other substance was underneath the concrete surface in the area where the step appeared broken, or any proof indicating that the condition predated the date of the accident,

any inference that the alleged defect existed for a sufficient length of time before the accident would, as a matter of law, be mere speculation. In other words, even giving the plaintiff every favorable inference from the proof which she adduced at trial (*see Ferlito v Great S. Bay Assoc., supra*), it remained inadequate to demonstrate constructive notice.

We note that, in contrast to the instant matter, in *Taylor v New York City Tr. Auth.* (63 AD2d 630 [1978], *affd* 48 NY2d 903 [1979]) there was independent testimony that the defect in question existed for six months before the accident, i.e., proof supporting the inference of the existence of the defect for a sufficient length of time before the accident to constitute constructive notice of the defect (*cf. DeGiacomo v Westchester County Healthcare Corp., supra; Ferlito v Great S. Bay Assoc., supra*). Miller, J.P., Luciano, Lifson and Covello, JJ., concur.