■ YVETTE SOTOMAYOR, Appellant, v PAFOS REALTY, LLC, Respondent, et al., Defendant. [841 NYS2d 619]—

In an action to recover damages for personal injuries, etc., the

plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated September 28, 2006, which granted the motion of the defendant Pafos Realty, LLC, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Pafos Realty, LLC, for summary judgment dismissing the complaint insofar as asserted against it is denied.

On August 8, 2004, at approximately 10:00 A.M., the plaintiff allegedly fell when exiting a variety store located on Broadway in Queens (hereinafter the premises). The premises were occupied by the defendant Woodside Variety Store, Inc. (hereinafter Woodside), as tenant under a lease with the defendant Pafos Realty, LLC (hereinafter Pafos), as landlord. The plaintiff testified at her deposition, in substance, that, as she exited through the front door which led to the street, her foot got caught in a hole on the exterior step and she fell. She did not see the hole until after her fall although she had entered the premises through the same door minutes earlier. The plaintiff identified two photographs at her deposition, one of which was a close-up of the step containing the hole.

In support of its motion for summary judgment, Pafos submitted the photographs together with transcripts of the depositions of the plaintiff and Sotiris Constantinou, a partner in Pafos. The photographs were taken by the plaintiff's boyfriend, who had accompanied the plaintiff to the store, within the week following the plaintiff's fall. The photograph of the step showed a roughly circular hole in the approximate center of the rectangular shaped concrete step. The plaintiff's deposition testimony was that the hole was about three inches wide.

The Supreme Court granted Pafos' motion for summary judgment. We reverse. The proof adduced by Pafos, to wit, the photographs and the parties' deposition testimony, reflected the presence of a triable issue of fact as to whether Pafos had constructive notice of the allegedly dangerous condition, the hole in the step (*see Batton v Elghanayan*, 43 NY2d 898 [1978]; *Peterson v Treeco Plainview, Ltd.*, 9 AD3d 402 [2004]). A jury could reasonably infer from the irregularity, width, depth, and appearance of the hole apparent in one photograph that the condition existed for a sufficient period of time for it to have been discovered and remedied by Pafos (*see Taylor v New York City Tr. Auth.*, 48 NY2d 903 [1979]; *Batton v Elghanayan*, 43 NY2d 898 [1978]; *Brandes v Incorporated Vil. of Lindenhurst*, 8 AD3d 315 [2004]; *DeGruccio v 863 Jericho Turnpike Corp.*, 1

AD3d 472 [2003]; *DeGiacomo v Westchester County Healthcare Corp.*, 295 AD2d 395 [2002]).

Pafos was contractually obligated under the lease for the premises which was in effect at the time of the occurrence to repair public portions of the premises. The step containing the hole is on the exterior of the building on the premises, and therefore the lease brings this case under one of the exceptions to the general rule that an out-of-possession landlord is not liable for injuries sustained at the leased premises (*see generally Gavallas v Health Ins. Plan of Greater N.Y.*, 35 AD3d 657 [2006]; *Angwin v SRF Partnership*, 285 AD2d 570 [2001]), specifically the exception in the situation "[where] it is contractually obligated to maintain or repair the premises" (*Angwin v SRF Partnership, supra* at 571).

Based on the foregoing, Pafos failed to demonstrate prima facie its entitlement to judgment as a matter of law (*see Boyd v Rome Realty Leasing Ltd. Partnership*, 21 AD3d 920 [2005]), and the sufficiency of the plaintiff's opposing proof need not be considered (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Godoy v Baisley Lbr. Corp.*, 40 AD3d 920 [2007]). The Supreme Court therefore erred in granting the motion. Miller, J.P., Mastro, Lifson and Carni, JJ., concur.