MARIANNE SALVIA, Appellant, v HAUPPAUGE ROUTE 111 ASSOCIATES, Respondent. [849 NYS2d 630]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated October 2, 2006, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff commenced the instant action to recover damages for injuries she allegedly sustained when she tripped and fell as a result of a large depression in the defendant's parking lot. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint.

To provide a defendant with constructive notice, a defect must be visible and apparent, and must exist for a sufficient length of time before the accident so as to permit the defendant to discover and remedy it (*see Gordon v American Museum of Natural History,* 67 NY2d 836, 837 [1986]). Photographs may be used to prove constructive notice of an alleged defect if the photographs are taken reasonably close to the time of the ac-

cident, and if there is testimony that the conditions at the time of the accident were similar to the conditions shown in the photographs (*see Batton v Elghanayan,* 43 NY2d 898, 899 [1978]; *DeGruccio v 863 Jericho Turnpike Corp.,* 1 AD3d 472, 473 [2003]; *DeGiacomo v Westchester County Healthcare Corp.,* 295 AD2d 395 [2002]).

The defendant failed to establish its prima facie entitlement to judgment as a matter of law by showing that it did not have constructive notice of the alleged depression. In support of its motion for summary judgment, the defendant submitted the plaintiff's photographs of the subject depression and the plaintiff's deposition testimony relating to the admissibility of the photographs. A jury could reasonably infer from the irregularity, width, depth, and appearance of the depression apparent in the photographs that the condition existed for a sufficient period of time for it to have been discovered and remedied by the defendant in the exercise of reasonable care (*see Taylor v New York City Tr. Auth.,* 48 NY2d 903, 904 [1979]; *Batton v Elghanayan,* 43 NY2d at 900; *Sotomayor v Pafos Realty, LLC,* 43 AD3d 905, 906 [2007]; *DeGruccio v 863 Jericho Turnpike Corp.,* 1 AD3d at 473; *Leventhal v Forest Hills Gardens Corp.,* 308 AD2d 434, 435 [2003]). Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been denied regardless of the sufficiency of the plaintiff's papers in opposition (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]). Mastro, J.P., Santucci, Dillon and Angiolillo, JJ., concur.