In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Hinds-Radix, J.), entered February 25, 2009, which, upon a jury verdict, and upon the denial of its motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial on the issue of liability, is in favor of the plaintiff and against it in the principal sum of $200,000.
Ordered that the judgment is affirmed, with costs.
The Supreme Court properly denied that branch of the defendant’s motion which was pursuant to CPLR 4404 (a) to set aside a jury verdict on the issue of liability and for judgment as a matter of law. Contrary to the defendant’s contention, based on the plaintiffs description of the condition that caused her injuries, and certain color photographs admitted into evidence depicting that condition (see Taylor v New York City Tr. Auth., 48 NY2d 903, 904 [1979]; Batton v Elghanayan, 43 NY2d 898, 899-900 [1978]; Salvia v Hauppauge Rte. 111 Assoc., 47 AD3d 791 [2008]; Sotomayor v Pafos Realty, LLC, 43 AD3d 905, 906-907 [2007]; DeGruccio v 863 Jericho Turnpike Corp., 1 AD3d 472 [2003]), there was a valid line of reasoning and permissible inferences to support the conclusion that the defendant had *676 constructive notice of that condition (see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]).
The defendant’s remaining contentions are without merit. Skelos, J.P., Covello, Hall and Sgroi, JJ., concur.