Coker v McMillan (2019 NY Slip Op 07948)





Coker v McMillan


2019 NY Slip Op 07948


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-01219
 (Index No. 509034/15)

[*1]Mariel Coker, appellant, 
v
Benedict McMillan, et al., respondents.


The Bongiorno Law Firm (Edelstein & Grossman, New York, NY [Jonathan I. Edelstein], of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated November 1, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries she alleges she sustained when her foot "rolled off" a step of an apartment building owned by the defendants. Following discovery, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
"A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79). Here, the evidence attached to the defendants' moving papers indicated that there was a defect on the nosing of the step that was created by wear to the step and was approximately ½-inch long and extended down ½-inch on the riser. This alleged defective condition was located on a portion of the step where the plaintiff had to stand while twisting her body to close an exterior door. Considering the location of the alleged defect together with all other relevant surrounding circumstances, the defendants failed to establish, prima facie, that the alleged defect was trivial as a matter of law (compare Hutchinson v Sheridan Hill House Corp., 26 NY3d at 82, with Stanley v New York City Hous. Auth., 161 AD3d 1128, 1129).
The defendants also failed to establish their prima facie entitlement to judgment as a matter of law based upon a lack of constructive notice. A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the allegedly hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see Warren v Walmart Stores, Inc., 105 AD3d 732, 733). "To meet its initial burden on the issue of . . . constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time [*2]when the plaintiff fell" (Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599). Here, the defendants' moving papers failed to eliminate triable issue of facts as to whether the condition had existed for a sufficient period of time for it to have been discovered and remedied by the defendants in the exercise of reasonable care (see Salvia v Hauppauge Rte. 111 Assoc., 47 AD3d 791, 792).
Accordingly, the defendants' motion for summary judgment dismissing the complaint should have been denied regardless of the sufficiency of the plaintiff's papers in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff's remaining contentions need not be reached in light of our determination.
AUSTIN, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court